798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward Lee DUNN, Plaintiff-Appellant,
v.
The STATE OF TENNESSEE, Acting Through and by Gene Roberts,
Commissioner of Safety for the State of Tennessee and
Highway Patrol for the State of Tennessee; David Wyllie,
Tennessee State Trooper, Sumner Co., Tennessee Acting
Through and by Mayo Wix, Sheriff of Sumner Co.; and Hon.
William Leech, Attorney General for the State of Tennessee
and Phillip Hight, Individually and as Agent and Employee of
Sumner County, Tennessee, Defendants-Appellees.
 No. 84-5382.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1986.
 
 Before KRUPANSKY and GUY, Circuit Judges, and HOLSCHUH, District Judge.
 PER CURIAM.
 
 
 1
 This case originally commenced in the United States District Court for the Middle District of Tennessee pursuant to the complaint of Edward Lee Dunn (Dunn) initiated pursuant to 42 U.S.C. Secs. 1983 and 1985(3) seeking monetary damages from an allegedly unlawful search of his residence, false arrest, false imprisonment and malicious prosecution.
 
 
 2
 The operative facts disclosed that on the night of December 26, 1978, David Wyllie (Wyllie), a Tennessee state trooper, and Phillip Hight (Hight), a deputy sheriff for Sumner County, Tennessee, went to Dunn's residence with a misdemeanor arrest warrant for his son. Wyllie had attempted to serve the warrant on three previous occasions and Hight had accompanied him on two such excursions. At the time here in issue, the two officers requested Dunn's permission to enter the residence and search for his son. Dunn stood in the doorway and passively, but firmly, resisted entry of the two officers. Thereupon the officers entered the residence over Dunn's protestations and conducted an unsuccessful search for his son and arrested Dunn for "interfering with the duty of a police officer." The officers handcuffed Dunn and conveyed him to the Sumner County Jail where he was booked and required to post bail.
 
 
 3
 Wyllie initiated criminal proceedings against the plaintiff charging Dunn with interfering with the duty of a police officer. Hight took no active part in either initiating or continuing the prosecution of the criminal action against the plaintiff. However, both Wyllie and Hight testified at Dunn's criminal trial.
 
 
 4
 On January 19, 1979, the plaintiff was tried and convicted in the General Sessions Court of Sumner County, Tennessee for the offense of interfering with the duty of a police officer. Thereafter in a de novo trial in the criminal court of Sumner County Tennessee the plaintiff was again convicted of the same offense. On appeal, the Tennessee Court of Appeals, noting that the plaintiff's appeal of his conviction presented a question of first impression in Tennessee, reversed the judgment of the criminal court concluding that the plaintiff offered insufficient resistance to constitute the offense of interfering with the duty of a police officer. The Appeals Court thereupon dismissed the case. The state's application to the Tennessee Supreme Court for permission to appeal the intermediate appellate court decision of the plaintiff's conviction was denied on June 2, 1980.
 
 
 5
 Approximately 17 months after his arrest on December 27, 1978, Dunn commenced this action in the United States District Court for the Middle District of Tennessee pursuant to 42 U.S.C. Secs. 1983 and 1985(3) seeking monetary damages for unlawful search of his residence, false arrest, false imprisonment and malicious prosecution.
 
 
 6
 Defendants Wyllie and Hight in support of their motion for summary judgment argued that the plaintiff's action was time-barred because Congress, having failed to enact a statute of limitations for actions initiated pursuant to Sec. 1983, mandated the federal courts to apply the state statute of limitations most analogous to the asserted claim. It was conceded that the one year provision of 4A Tenn.Code Ann. Sec. 28-3-104 was the applicable limitation period within which Dunn's action could be filed. The district judge concluded that Dunn's cause of action asserted pursuant to Sec. 1983 for unlawful search of his residence, false arrest, false imprisonment and malicious prosecution accrued on the date of the arrest, namely December 27, 1978 and was therefore time-barred by virtue of the one year statute of limitations of 4A Tenn.Code Ann. Sec. 28-3-104. The district court also decided that, as to the malicious prosecution claim, the plaintiff failed to state a claim actionable under Sec. 1983 because the claimed infringement of his rights, if any existed, failed to rise to a constitutional level. The court cited to Baker v. McCollan, 443 U.S. 137, 146 (1979) wherein the Supreme Court stated: "Section 1983 imposed liability for violations protected by the Constitution, not for violations of duties of care arising out of tort law." The district court reasoned that the plaintiff's allegation that he was arrested without probable cause standing alone failed to support a constitutional infringement. The district court also dismissed plaintiff's cause of action asserted pursuant to 42 U.S.C. Sec. 1985(3) for failure to state a cause of action. Accordingly, Dunn's complaint in its entirety was dismissed on March 10, 1981. He timely perfected an appeal.
 
 
 7
 On December 30, 1982, this circuit, upon appellate review, affirmed the trial court's dismissal of the plaintiff's Sec. 1985(3) claim and his charges of an unlawful search of his residence, false arrest and false imprisonment anchored in Sec. 1983. However, this circuit reversed and remanded the case to the trial court on the malicious prosecution claim stating:
 
 
 8
 In our view the complaint can be fairly interpreted to allege that the defendants Wyllie and Hight, acting under color of law, deprived plaintiff of his constitutional right under the Fourth Amendment, as incorporated in the Fourteenth Amendment, to be free of unreasonable searches and seizures. They did so by arresting and prosecuting him because he attempted to exercise that right. The plaintiff should have an opportunity to amend his complaint and to prove the allegations. We hold that he has adequately stated a cause of action.
 
 
 9
 Dunn v. State of Tennessee, 697 F.2d 121, 126 (1982).[1]
 
 
 10
 Stated differently, this circuit narrowly defined Dunn's remaining Sec. 1983 cause of action as an asserted Fourth Amendment infringement that arose as a result of a retaliatory criminal prosecution that was initiated and pursued by the police officers because Dunn asserted his constitutional right to be free from unreasonable searches and seizures and was therefore cognizable pursuant to Sec. 1983. In other words it was the alleged Fourth Amendment violation which provided the necessary constitutional ingredient which converted the state tort of malicious prosecution into an actionable Sec. 1983 claim.
 
 
 11
 In its order of remand, this court instructed that in a well-pleaded Sec. 1983 Fourth Amendment infringement cause of action alleging malicious prosecution, a claimant, in addition to proving the traditional elements of the Sec. 1983 cause of action was also required to prove the necessary elements of a malicious prosecution.
 
 
 12
 In addition to the requirements of 1983, a plaintiff claiming malicious prosecution must show: (1) the defendant instituted a criminal action against the plaintiff; (2) that prosecution ended in the plaintiff's favor; (3) there was no probable cause to initiate the criminal proceeding; and (4) the defendant acted maliciously. Donaldson v. Donaldson, 557 S.W.2d 60, 62 (Tenn.1977).
 
 
 13
 Dunn, 697 F.2d at 125, n. 4.
 
 
 14
 Thus, the plaintiff on remand was confronted with the burden of proving a traditional malicious prosecution claim as well as proving a nexus between his asserted Fourth Amendment rights and the related prosecution.
 
 
 15
 This circuit thereupon directed the trial court to permit the plaintiff to amend his complaint and to prove the allegations pursuant to 42 U.S.C. Sec. 1983. After Dunn amended his complaint, defendants moved for summary judgment. In their motion for summary judgment the defendants asserted that they were entitled to judgment on the plaintiff's claim predicated on the alleged malicious prosecution because Dunn could not prove the essential elements of his charge. Defendant Hight argued that he did not institute or participate in the pursuit of the criminal action against the plaintiff and joined with the defendant Wyllie's argument that probable cause existed for the plaintiff to be charged with the offense of interfering with the duty of a police officer.
 
 
 16
 It was undisputed that the criminal action against Dunn was instituted by Wyllie alone without the participation of Hight. Accordingly, this court affirms the trial court's decision dismissing the Sec. 1983 action instituted against Hight for the reason that Hight had not participated in initiating the criminal proceedings against the plaintiff.
 
 
 17
 The issue of probable cause and the effect of Dunn's conviction before the General Session Court and again de novo in the Criminal Court was joined as an issue before the district court by the defendants' motions for summary judgment. The district court followed the rule, mandated by this circuit in Dunn I and applied by a majority of courts, that a plaintiff's conviction of the underlying offense, even if subsequently reversed, constitutes conclusive proof that probable cause existed for the prosecution, unless the conviction was obtained by fraud, perjury or other corrupt means. Restatement, Torts 2d Sec. 1667(1) (1976); Annot. 86 A.L.R.2d 1090, 1093 (1962). In opposing the defendants' motions for summary judgment, Dunn offered no evidence of fraud, perjury or other corrupt conduct in Dunn's two convictions and put forth no reason why the majority rule should not be applied. This court concludes from an independent review of the record before the district court, including the uncontroverted affidavit of Wyllie coupled with Dunn's disputed two convictions, there was no genuine issue of material fact as to the existence of probable cause for the prosecution and that the district court, therefore, was correct in granting summary judgment for the defendants.
 
 
 18
 Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This circuit in its decision in the first appeal also ruled that Dunn's claim for the Fourth Amendment violation involving the alleged retaliatory prosecution accrued on June 2, 1982, when the Supreme Court of Tennessee denied review and finally disposed of his criminal case that had been initiated by the police officers. Consequently, Dunn's federal cause of action that charged malicious prosecution had been timely filed within the applicable one year statute of limitations. However, in the first appeal of this cause this court affirmed the trial court's dismissal of Dunn's asserted Sec. 1983 Fourth Amendment violations for unlawful search of his residence, false arrest and false imprisonment as timed barred