Harold **CHRISTIAN** and Sue Christian, Plaintiffs–Appellants,

v.

Charles **LAPIDUS**, Individually and as Co–Conservator for David King, and the David King Conservatorship, Defendants–Appellees.

Supreme Court of Tennessee, at Nashville.

June 15, 1992.

---

Robert S. Peters, Swafford, Peters, O'Neal & Priest, Winchester, for plaintiffs-appellants.

George E. Barrett, Barrett, Johnston & Parsley, William L. Harbison, L. Webb Campbell, II, Sherrard & Roe, Nashville, for defendants-appellees.

## OPINION

DROWOTA, Justice.

In this case of first impression, we must decide whether abandonment of a civil action constitutes a final, favorable termination so as to commence the running of the statute of limitation for malicious prosecution. The trial court granted summary judgment for Defendants, finding Plaintiffs' suit time-barred. The Court of Appeals affirmed. For the reasons stated below, we affirm.

On April 15, 1986, Defendants Charles Lapidus and the David King Conservatorship filed a complaint against Plaintiffs Harold and Sue Christian, among others, in the United States District Court for the Eastern District of Tennessee, Winchester Division, alleging Plaintiffs had violated the Racketeer Influenced and Corrupt Organization statutes, 18 U.S.C. §§ 1961–1968 (1988) ("RICO"). Thereafter, on February 16, 1988, Defendants filed an amended complaint which neither named Harold or Sue Christian as defendants nor contained any allegations against them. The amended complaint stated: "This amended complaint supersedes the allegations contained

in the complaint heretofore filed." The RICO action was tried before the district court from April 25–28, 1988, and the court's final judgment against the then remaining defendants was entered on October 5, 1988. This judgment became final and nonappealable on November 4, 1988.

Plaintiffs Harold and Sue Christian did not participate in the RICO action after the February 16, 1988 filing of the amended complaint. As previously noted, neither the amended complaint's caption nor its body contained allegations against them. Nevertheless, on March 14, 1989, some four months after the district court's judgment against the remaining defendants had become nonappealable, Plaintiffs moved the district court for an order dismissing them from Defendants' RICO action due to Defendants' "failure to prosecute the original Complaint, and by reason that the Amended Complaint recited that it superseded the allegation contained in the original verified Complaint." On April 5, 1989, the district court granted Plaintiffs' motion and entered an order of dismissal.[1]

On April 4, 1990, Plaintiffs brought the present malicious prosecution action against Defendants. The trial court dismissed Plaintiffs' action as barred by the one-year statute of limitation. The Court of Appeals affirmed, holding that the "one-year statute of limitation began to run relative to the [Plaintiffs] as of the date the RICO judgment became final in October, 1988. Inasmuch as the suit here under consideration was not filed until April, 1990, it is time-barred."

■ An action for malicious prosecution must be commenced within one year after the cause of action accrued. T.C.A. § 28–3–104(a)(1) (Supp.1991). A cause of action for malicious prosecution accrues when a malicious suit is finally terminated in the defendant's favor. *See Rosen v. Levy*, 120 Tenn. 642, 648, 113 S.W. 1042, 1044 (1908). We find that any cause of

action Plaintiffs may have had for malicious prosecution accrued upon the February 16, 1988 filing of Defendants' amended complaint. Therefore, we affirm dismissal of Plaintiffs' April 4, 1990 suit as being filed outside the statute of limitation.

### I.

■ We first note that, under the Federal Rules of Civil Procedure,[2] an amended complaint supersedes the original complaint, rendering the original of no legal effect, unless the amended complaint specifically refers to or adopts the original. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985). *See generally* 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1476 (1990); 3 J. Moore & R. Freer, *Moore's Federal Practice* ¶ 15.08[7] (2d ed. 1991). Here, the amended complaint did not refer to or adopt the original. To the contrary, it specifically recited that it superseded the allegations contained in the original. The legal effect was to remove the Christians from the lawsuit and constitute an abandonment of Defendants' RICO action against them.

### II.

■ In order to establish the essential elements of an action for malicious prosecution, the plaintiff must show that (1) a prior suit or judicial proceeding was brought against plaintiff without probable cause, (2) defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of plaintiff. *See Lewis v. Allen*, 698 S.W.2d 58, 59 (Tenn.1985). Here, we are concerned with whether abandonment of a civil action satisfies the third element, "final and favorable termination," so as to commence the running of the one-year statute of limitation.

An effective termination must be both final and favorable. The "finality" compo-

---

1. The district court's order erroneously recited that Defendants' RICO claims against Plaintiffs had been "compromised and settled." Because of our holding, it is unnecessary to address the import of this recital.

2. The same result obtains under the Tennessee Rules of Civil Procedure. *See Railroad v. House*, 104 Tenn. 110, 111, 56 S.W. 836, 836 (1900); *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn.Ct.App.1991).

nent ensures that plaintiff in the original action has had an opportunity to establish probable cause for commencing suit before being called upon to defend a counterclaim for malicious prosecution. It also guarantees that an aggrieved party will be able to fully present his damages, and eliminates the possibility of inconsistent judgments.

■ The "favorable" component is required because a judgment in favor of the original plaintiff is conclusive of probable cause, unless procured by fraud. *See Sloan v. McCracken*, 75 Tenn. 626, 627 (1881). However, courts' definitions of "favorable" differ:

> The first, and most rigid [approach], requires that the action have gone to judgment resulting in a verdict of acquittal, in the criminal context, or no liability, in the civil context. The second permits [an action for malicious prosecution] even if the underlying action was merely withdrawn so long as the plaintiff can demonstrate that the withdrawal took place under circumstances creating an inference that the plaintiff was innocent, in the criminal context, or not liable, in the civil context. The third approach, while nominally adhering to the "favorable termination" requirement, in the sense that any outcome *other* than a finding of guilt or liability is favorable to the accused party, permits a malicious prosecution or vexatious suit action whenever the underlying proceeding was abandoned or withdrawn without consideration, that is, withdrawn without either a plea bargain or a settlement favoring the party originating the action.

*DeLaurentis v. City of New Haven*, 220 Conn. 225, 250, 597 A.2d 807, 820 (1991) (emphasis in original) (footnotes omitted).

■ We reject the first approach, requiring a final judgment on the merits, because it permits a wrongdoer to escape liability for institution of a malicious prosecution simply by having the suit dismissed prior to trial. With regard to the second approach, requiring plaintiff to demonstrate an inference of innocence, we agree with the *De-Laurentis* court that this demonstration more properly relates to plaintiff's burden of proving absence of probable cause. *See id.* at 251, 597 A.2d at 820. Instead, we are persuaded, and now hold, that abandonment or withdrawal of an allegedly malicious prosecution is sufficient to establish a final and favorable termination so long as such abandonment or withdrawal was not accompanied by a compromise or settlement, or accomplished in order to refile the action in another forum. *Accord* Restatement (Second) of Torts §§ 674 comment j, 660 (1977).

■ Plaintiffs argue that because, after the amended complaint and abandonment, Defendants remained free to reinitiate an action against them, the abandonment cannot constitute a final termination. However, this possibility does not preclude finality. Whether a suit has been finally terminated must be determined from existing facts, not from speculation or conjecture. *Cf. Scheibler v. Steinburg*, 129 Tenn. 614, 618, 167 S.W. 866, 867 (1914) (court's power to set aside *nolle prosequi* does not prevent finding of final termination); *Swepson v. Davis*, 109 Tenn. 99, 116, 70 S.W. 65, 69 (1902) (court may not look to extraneous matters, not passed on in the original suit, in order to decide whether a termination is favorable).

■ In response to Plaintiffs' assertion that final termination in their favor did not occur until the district court entered its April 5, 1989 order dismissing them from the action, we have previously noted that the effect of the amended complaint was to remove Plaintiffs from the lawsuit. Therefore, at the time Plaintiffs procured their order of dismissal, there was no suit pending against them to be dismissed. Although one would customarily seek a formal order of dismissal in these circumstances, delay in so doing does not postpone the running of the statute of limitation.

The same reasoning exposes the Court of Appeals's error in fixing the date of final termination at the time when Defendants' judgment against the remaining RICO defendants became final. This final judgment, to which Plaintiffs were not parties, terminated nothing with respect to them.

Rather, the action terminated as to Plaintiffs when the amended complaint operated to excise them as parties.

On February 16, 1988, when Defendants filed the amended complaint, Plaintiffs received notice that they were no longer being proceeded against in Defendants' RICO action. Under the facts presented, any cause of action Plaintiffs may have had for malicious prosecution accrued on February 16, 1988, and therefore the present suit, instituted on April 4, 1990, is barred by the one-year statute of limitation.

The judgment of the Court of Appeals, upholding summary judgment for Defendants, is affirmed. Costs of this appeal are taxed to Plaintiffs.

REID, C.J., and O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.