IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 17, 2001 Session

## JOE T. JONES V. MARY ANN MCMURRAY, ET AL.

**Appeal from the Circuit Court for Williamson County**
**No. II-99688     Russ Heldman, Judge**

---

**No. M2000-01959-COA-R3-CV - Filed September 20, 2001**

---

In this malicious prosecution action, Joe T. Jones ("Plaintiff") appeals the Trial Court's grant of summary judgment to the defendants after concluding there was no genuine issue of material fact supporting Plaintiff's allegation of fraud surrounding entry of a judgment against Plaintiff in the underlying lawsuit. We affirm the judgment of the Trial Court.

**Tenn R. App. P. 3 Appeal as of Right; Judgment of the**
**Circuit Court Affirmed; Case Remanded.**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and HERSCHEL P. FRANKS, J., joined.

Joe T. Jones, Franklin, Tennessee, *pro se* Appellant.

Maclin P. Davis, Jr., and Terrence O. Reed, Nashville, Tennessee, for the Appellees Mary Ann McMurray and R.E. Lee Davies.

# OPINION

## Background

On December 13, 1999, Plaintiff sued Mary Ann McMurray ("McMurray") and attorney R.E. Lee Davies ("Davies") for malicious prosecution. The malicious prosecution claim arises out of a previous lawsuit filed by McMurray against Plaintiff in the General Session Court. Davies represented McMurray in this underlying lawsuit.

In this malicious prosecution lawsuit, Plaintiff claims he operated Franklin Carpeting Company ("Company") for twenty years, but he "gave" the Company to his wife in 1984 when he retired. In 1989, Plaintiff's wife sold the Company to their son, Gary Jones. Plaintiff asserts he has had nothing to do with the Company and has not shared in its profits for more than ten years. Plaintiff further alleges that he was sued in the General Sessions Court for $5,400.00 by McMurray, a dissatisfied customer of the Company, resulting from a sale that occurred well after the Company was sold to Plaintiff's son.

Instead of taking any worthwhile action to defend against the original claim, Plaintiff simply wrote on the civil warrant "I am not the owner" and mailed it back to Davies. Plaintiff did not attend the hearing in the General Sessions Court. Since Plaintiff was not present at the hearing, on April 19, 1999, a default judgment was entered against him for $5,400.00. Because Plaintiff took no action other than to mail the civil warrant back to Davies prior to the hearing, he did not know a judgment had been entered against him, at least not until a deputy sheriff showed up at his home and "levied an execution on Plaintiff's 1990 Lincoln automobile" in May of 1999.

Plaintiff then hired an attorney and filed a separate lawsuit in Chancery Court seeking to have the General Sessions Court judgment set aside. On August 9, 1999, the Chancery Court dismissed this lawsuit, stating: "When collaterally attacked, the judgment of a court of general jurisdiction enjoys a presumption of validity unless the record affirmatively shows a lack of personal jurisdiction." No appeal was taken from the dismissal of the Chancery Court lawsuit.

On September 7, 1999, Plaintiff filed a motion for relief from the judgment in the General Sessions Court. The General Sessions Court denied this motion, concluding that its previous judgment had become final after 10 days, and that Rule 60 of the Tenn. R. Civ. P., which provides a mechanism for obtaining relief from a judgment, was not applicable in a general sessions court. Accordingly, the General Sessions Court concluded there was no basis, statutory or otherwise, to grant Plaintiff the requested relief. Plaintiff appealed this ruling to the Circuit Court. On November 30, 1999, the Circuit Court, applying the same rationale as the General Sessions Court,

concluded that the sessions court judgment was final and dismissed the appeal. Plaintiff did not appeal to this Court the Circuit Court's dismissal of the motion for relief from the judgment.[1]

In the malicious prosecution action now before this Court, Plaintiff claims that McMurray and Davies did not conduct a proper investigation to determine exactly who was the owner of the Company and, therefore, brought the original lawsuit against him without probable cause and with malice. Jones later amended his complaint to allege fraud on the part of McMurray and Davies, claiming they knew he was not the owner of the Company.

McMurray and Davies filed a motion for judgment on the pleadings without any discovery taking place. The Trial Court concluded that since Jones' allegations must be deemed to be true when ruling on a motion for judgment on the pleadings, the motion had to be denied. The Trial Court's basis for this ruling was essentially Jones' claim that McMurray "knew" Jones was not the proper owner of the Company when suit was filed and that Davies was also aware of this fact.

After discovery, McMurray and Davies filed a motion for summary judgment pursuant to Rule 56 of the Tenn. R. Civ. P. McMurray and Davies relied, in large part, upon answers to interrogatories and responses to requests for admissions which were not before the Trial Court when it denied their motion for judgment on the pleadings. McMurray and Davies essentially argued there was no genuine issue of material fact as to whether there was any fraud. Plaintiff responded by asserting there was a genuine issue of material fact as to whether McMurray knew Plaintiff was no longer involved in the Company and whether Davies was made aware of facts sufficient to require him to cease pursuing the action. The Trial Court granted McMurray's and Davies' motion for summary judgment, concluding there was no genuine issue as to any material fact and no evidence of "extrinsic fraud". Plaintiff's motion to alter or amend the judgment was denied by the Trial Court. This appeal followed.

## Discussion

The standard for review of a motion for summary judgment is set forth in *Staples v. CBL & Associates, Inc.*, 15 S.W.3d 83 (Tenn. 2000):

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure

---

[1] Since neither the previous decision of the Chancery Court nor this decision of the Circuit Court were appealed, we express no opinion on the propriety of these rulings. Plaintiff is, however, bound by those decisions.

56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples*, 15 S.W.3d at 88-89. A fact is "material" for summary judgment purposes, if it "must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999)(quoting *Byrd v. Hall*, 847 S.W.2d at 211).

The best we can surmise from Plaintiff's *pro se* Brief, Plaintiff appears to argue, at most, only that summary judgment was inappropriate because there is a material factual dispute on the issue of fraud. In *Christian v. Lapidus*, 833 S.W.2d 71 (Tenn. 1992), our Supreme Court held that in order to state a claim for malicious prosecution, a plaintiff must show that: (1) a prior suit or judicial proceeding was brought against plaintiff without probable cause; (2) defendant brought such prior action with malice; and (3) the prior action was finally terminated in favor of plaintiff. *Id.* at 73. *Christian* went on to state that the "favorable" component in the third element is necessary "because a judgment in favor of the original plaintiff is conclusive of probable cause, *unless procured by fraud.*" *Id.* at 74 (emphasis added). In the present case, it is undisputed that Plaintiff did not receive a favorable outcome in the underlying action. Accordingly, his only way to attack that unfavorable outcome is to prove it was procured by fraud.

It is important to note that Plaintiff's malicious prosecution lawsuit is nothing short of an independent action collaterally attacking the judgment previously entered against Plaintiff. In relevant part, Rule 60.02(2) of the Tenn. R. Civ. P. provides that a party may be relieved from a final judgment for fraud (whether intrinsic or extrinsic) if the motion is made within a reasonable time and within one year after the judgment was entered. Rule 60.02 also has a savings clause which provides that: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment … or to set aside a judgment for fraud upon the court." While the first part of Rule 60.02 discussed above expressly applies to intrinsic or extrinsic fraud, the savings clause has been held to apply only to extrinsic fraud. *See Brown v. Raines*, 611 S.W.2d 594, 597 (Tenn. Ct. App. 1980). *See also Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 230 (Tenn. Ct. App. 2000)("The distinction between intrinsic and extrinsic fraud existed at common law … and is maintained today, both under the Rules of Civil Procedure and in case law."). Furthermore, the savings clause found in Rule 60.02 has been interpreted as "retaining the independent action in equity to impeach or set aside a judgment for fraud …." *Brown*, 611 S.W.2d at 597 (citing *Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976)).

We are not dealing with the denial of a Rule 60.02 motion on this appeal, and express no opinion on whether a Rule 60.02 motion would have been the appropriate manner for Plaintiff to proceed. We discuss Rule 60.02 because that Rule addresses collateral attacks on judgments allegedly obtained by fraud, which, as stated above, is what the present case actually involves since Plaintiff first must get around the fact that the underlying judgment was not "finally terminated in favor of plaintiff." *Christian v. Lapidus*, 833 S.W.2d at 73.

Because this case involves a collateral attack on a judgment, we believe the outcome of this appeal is resolved by our Supreme Court's opinion in *Jerkins v. McKinney*, 533 S.W.2d 275 (Tenn. 1976). In *Jerkins*, the Court discussed collateral attacks on judgments and adopted the following reasoning by the United States Court of Appeals for the Tenth Circuit in *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir. 1970):

> Generally, such an independent action must show a recognized
> ground, such as fraud, accident, mistake or the like, for equitable

relief and that there is no other available or adequate remedy. It must also appear that the situation in which the party seeking relief finds himself is not due to his own fault, neglect or carelessness. In this type of action, it is fundamental that equity will not grant relief if the complaining party 'has, or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action * * * to open, vacate, modify or otherwise obtain relief against, the judgment.' The granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge. 429 F.2d at 1090.

*Jerkins*, 533 S.W.2d at 281, 282.

In the present case, Plaintiff simply wrote on the General Sessions Court civil warrant "I am not the owner" and mailed it back to Davies. He did not appear at the trial and took no other steps to protect his interests or otherwise defend against the lawsuit. This was the only action taken by Plaintiff, notwithstanding the fact that the warrant commanded him "to appear" at the hearing to "then and there to answer in a civil action . . . ." If Plaintiff was not the proper party defendant to that lawsuit as he claims, then this issue could have been litigated in the General Sessions Court and, if Plaintiff was dissatisfied with the result, it could have been appealed to Circuit Court. None of this happened because Plaintiff chose not to show up or ascertain what happened at the hearing. The "fault, neglect or carelessness" of Plaintiff is the sole cause for the precarious situation in which he finds himself. For these reasons, he cannot collaterally attack on the basis of fraud the original judgment entered against him in the General Sessions Court. Since the General Sessions judgment must, therefore, stand, it necessarily follows that Plaintiff has not and cannot satisfy a necessary element to establish a claim for malicious prosecution because the prior action was not finally terminated in his favor. Defendants negated this essential element of Plaintiff's claim. Accordingly, the Trial Court properly granted summary judgment to McMurray and Davies.

McMurray and Davies have requested they be awarded their attorney fees on appeal based on their position that Plaintiff's appeal is frivolous. Exercising our discretion, we decline to award attorney fees.

### Conclusion

The judgment of the Trial Court is affirmed. This case is remanded to the Trial Court for further proceedings as may be required, if any, consistent with this Opinion, and for collection of costs below. Costs of appeal are taxed to the Appellant Joe T. Jones and his surety.

_____

D. MICHAEL SWINEY

-6-