Robert SPURLOCK and Ronnie Marshall, Plaintiffs–Appellants,

v.

Lawrence Ray WHITLEY; Jerry R. Kitchen; John D. Coarsey; Danny Satterfield; Henry Apple; Sumner County, Tennessee; and City of Hendersonville, Tennessee, Defendants–Appellees.

No. 02–5114.

United States Court of Appeals, Sixth Circuit.

Oct. 29, 2003.

Nathan Diamond–Falk, Rick Halprin, Chicago, IL, for Plaintiffs–Appellants.

Mary M. Bers, Asst. Atty. General, Office of the Attorney General, James Russell Farrar, Robyn Beale Williams, Farrar & Bates, Barbara J. Moss, Elizabeth H. Foss, Stephen J. Zralek, Wyatt, Tarrant & Combs, William H. Farmer, Farmer & Luna, Darrell G. Townsend, Neil M. McIntire, Howell & Fisher, Nashville, TN, for Defendants–Appellees.

Before BOGGS, Chief Judge; NORRIS, and CLAY, Circuit Judges.

## OPINION

PER CURIAM.

Plaintiffs Robert Spurlock and Ronnie Marshall appeal from three rulings by the United States District Court for the Middle District of Tennessee. They appeal the denial of their "Motion in Aid of Discovery as to Remaining Monell Defendants," the grant of summary judgment in favor of all individual defendants, and the grant of judgment on the pleadings to both government defendants. We affirm.

Plaintiffs brought this action alleging civil rights violations under 42 U.S.C. §§ 1983 and 1985(3), and claims for malicious prosecution and conspiracy to maliciously prosecute under Tennessee law.[1] Specifically, plaintiffs alleged that defendants Whitley, Kitchen, Coarsey, and Satterfield conspired to fabricate testimony by both threatening and promising preferential treatment to defendant Henry Apple, who testified against plaintiffs in their state murder trial. Plaintiffs wish to obtain extended discovery to examine audio tapes of Apple's interrogations, which they claim demonstrate that Apple was beaten and was promised early release from prison in return for false testimony. Plaintiffs state that they have reason to believe that the tapes had been tampered with. They implicate defendants Sumner County and the City of Hendersonville by alleging that they engaged in a practice of covering up official malfeasances.

Plaintiffs argue that the district court erred by failing to grant their "Motion in Aid of Discovery as to Remaining Monell Defendants." With this motion, plaintiffs sought original copies of the audio tapes of Apple's interrogation. They also sought

---

1. Plaintiffs' Second Amended Complaint purports to state claims under 42 U.S.C. §§ 1981, 1983 and 1988, but not under 42 U.S.C. § 1985(3). 42 U.S.C. § 1981 relates to conspiracies to discriminate against individuals by race, and is not applicable to plaintiffs' allegations, and § 1988 does not create a cause of action. The district court construed the complaint as alleging Section 1983, Section 1985, and malicious prosecution claims.

copies of the audio tapes from all parties to the action and requested that the court appoint an independent expert to examine the tapes' authenticity. We review rulings on discovery motions for abuse of discretion. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981).

■ The district court denied plaintiffs' motion for the same reasons that it had affirmed a magistrate judge's denial of an earlier motion seeking the same relief. The magistrate judge denied that motion because plaintiffs had obtained several discovery extensions, and thus had abundant opportunity to review original copies of the tapes, because plaintiffs had failed to make a serious effort to obtain those tapes, and because they had actually possessed original copies of the tapes for three months but sent them to an expert only for cursory review. Indeed, the record reflects that plaintiffs failed to use their opportunities for discovery regarding the tapes when they were available. The district court did not err in denying the motion.

Plaintiffs also challenge the district court's grant of summary judgment to all individual defendants and the grant of judgment on the pleadings to both government defendants. We review the district court's grant of summary judgment *de novo. Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir.2002). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing the "absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party "must present affirmative evidence on critical issues sufficient to allow a jury to return a verdict in its favor." *Guarino*

*v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir.1992) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–77 (6th Cir.1989)).

The evidence that the nonmoving party proffers need not be "in a form that would be admissible at trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. However, the evidence cannot consist merely of allegations in the pleadings, *id.* at 325, 106 S.Ct. 2548, nor can it consist merely of affidavits swearing to the truth of facts beyond the affiants' personal knowledge. *Sperle v. Michigan Dep't of Corrs.*, 297 F.3d 483, 495 (6th Cir.2002).

Where the nonmoving party fails to respond to a motion for summary judgment by the deadline for such response, the district court cannot grant to the nonmoving party an extension of time to file absent a showing of "cause" for the delay. Fed.R.Civ.P. 6(b). Where no cause is shown, the district court may not entertain late filings.

Where no response to a summary judgment motion is properly before a district court, the court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street*, 886 F.2d at 1479–80. Rather, the district court may rely upon the facts advanced by the movant. *Id.* Federal Rule of Civil Procedure 56(e) requires that the nonmoving party's response designate specific facts demonstrating the existence of genuine issues of material fact. Fed.R.Civ.P. 56(e). The nonmoving party is deemed to have waived its opportunity to designate facts in accordance with Rule 56(e) when it fails to properly file a response. *Guarino*, 980 F.2d at 405. This court has stated that it is not the role of the district court to develop facts for the nonmoving party. *Id.* at 406.

In this case, four individual defendants, Whitley, Kitchen, Satterfield, and Coarsey,

filed timely motions for summary judgment, in which they each proffered admissible evidence defeating elements of each of plaintiffs' claims.[2]

 Plaintiffs failed to submit any timely response to defendants' motions, instead submitting a "Motion for Permission to File Late Filed Briefs in Opposition to Defendants' Motion for Summary Judgment" nearly two months after the deadline for responses to summary judgment motions. Under Rule 6(b), the district court properly declined to extend the deadline for responses and disregarded plaintiffs' late-filed briefs.

In the absence of responses, the district court found that plaintiffs had not pointed to any evidence that defendants had violated any of their rights. Plaintiffs, in their briefs to this court, rely upon evidence they submitted with two of their discovery motions as evidence of genuine issues of material fact. Both of these motions were filed prior to the filings of defendants' summary judgment motions. Though the evidence contained in the attachments to these motions may have been helpful to rebut the summary judgment motions, plaintiffs never directed the district judge to that evidence. The district court was under no obligation to look through plaintiffs' filings to discover evidence demonstrating that genuine issues of material fact existed. Therefore, the district court, properly considering the evidence that the summary judgment movants submitted in favor of their motions, did not err in granting summary judgment to defendants Whitley, Kitchen, Satterfield, and Coarsey. The court properly denied plaintiffs' subsequent "Motion to Alter or Amend Judgment."

The district court also granted the motions of the government defendants, Sumner County, Tennessee and the City of Hendersonville, Tennessee, for judgment on the pleadings. This court reviews awards of judgment on the pleadings *de novo*. *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir.1997).

---

**2.** To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show: 1) that he or she was deprived of a right secured by the federal Constitution or the laws of the United States, and 2) that such deprivation occurred under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999). Plaintiffs argued that they were deprived of the rights "to petition the Government for redress of grievances, to be free of arrest without probable cause, to a fair trial, and effective assistance of counsel, under the First, Fourth, Sixth, and Fourteenth Amendments of the United States." Defendants' affidavits regarding their own behavior and the statements of other witnesses they proffer demonstrate that no genuine issue of material fact exists regarding these claims.

To prevail on a claim under 42 U.S.C. § 1985(3), plaintiffs must show: 1) defendants conspired together 2) for the purpose of depriving a person or class of persons of the equal protection of the laws; 3) committed an act in furtherance of the conspiracy 4) which caused injury to person or property, or caused a deprivation of any right or privilege of a citizen of the United States; and 5) that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir.1999). The evidence proffered by defendants demonstrates no genuine issue of material fact regarding the nonexistence of a conspiracy or of any discriminatory animus.

To prevail on a claim of malicious prosecution under Tennessee law, plaintiffs must establish that: 1) defendants instituted a prior suit or judicial proceeding against them without probable cause; 2) defendants brought such action with malice; and 3) the action was terminated in plaintiffs' favor. *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn.1992). Defendants' evidence demonstrates a lack of any genuine issue of material fact regarding the existence of probable cause. For the same reason, no genuine issue of material fact has been demonstrated to support plaintiffs' claim for conspiracy to maliciously prosecute.

Having granted summary judgment to all the government employees who were named as defendants, the district court concluded that their governmental employers could not be held liable. Because this conclusion comports with precedent, the award of judgment on the pleadings to the government defendants should be affirmed. *Scott v. Clay County,* 205 F.3d 867, 879 (6th Cir.2000).

The district court also properly granted summary judgment to defendant Henry Apple. The court relied upon statements by plaintiffs' counsel that no claim could be maintained against Apple absent the existence of a claim against a state actor.

For the foregoing reasons, the judgment of the district court is AFFIRMED.