IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 18, 2015 Session

# FIT2RACE, INC., ET AL. v. JANSON MILES POPE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 10C4659     Ross H. Hicks, Judge**

_____

## No. M2015-00387-COA-R3-CV – Filed January 29, 2016
_____

Defendants in a federal civil conspiracy case that was voluntarily dismissed filed a malicious prosecution case in state court against the plaintiff and his attorney. The plaintiff and his attorney filed motions for summary judgment, which the trial court granted. The defendants appealed, and we affirm the trial court's judgment. When a plaintiff voluntarily dismisses a lawsuit, the dismissal does not constitute a "favorable termination" for purposes of satisfying the third element of a malicious prosecution lawsuit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Jeffrey A. Greene, Franklin, Tennessee, for the appellants, Fit2Race, Inc., Stefan Laursen, and Paul Lundgren.

Nicholas M. Tidwell, Brentwood, Tennessee, for the appellee, Janson Miles Pope.

Reba Brown and Brad W. Craig, Nashville, Tennessee, for the appellee, Phillip Leon Davidson.

## OPINION

### I. BACKGROUND

This is a malicious prosecution case that began with a contentious divorce between

Janson Miles Pope and Sayuri Kinjo Pope.  Mr. Pope filed a complaint for divorce in December 2007 on the basis of irreconcilable differences and Ms. Pope's inappropriate marital conduct.  *Pope v. Pope*, No. M2010-00067-COA-R3-CV, 2010 WL 4272690, at *1 (Tenn. Ct. App. Oct. 28, 2010).  During the divorce proceedings, Mr. Pope filed a motion seeking sanctions because Ms. Pope was refusing to respond adequately to some of his discovery requests.  *Id.* at *2.  The trial court ordered Ms. Pope to comply with Mr. Pope's discovery requests and warned Ms. Pope that failure to comply with its order would result in her "being barred from taking any position in opposition to [Mr. Pope]'s position concerning any issue that was or reasonably could be believed to be contained in that lacking information."  *Id.*  Then, following a hearing on February 13, 2009, the trial court entered an order stating that "[Mr. Pope]'s claims regarding any matters covered by discovery that should have been and has not been provided by [Ms. Pope] by February 20, 2009 shall be taken to be established in accordance with [Mr. Pope]'s claims, and [Ms. Pope] is forbidden to pursue or oppose any claims and defenses covered by such material."  *Id.*

The parties' divorce trial lasted five days, and the trial court granted Mr. Pope a divorce from Ms. Pope on December 3, 2009.  *Id.* at *3.   In its Final Decree, the trial court found that Ms. Pope was secretly working with Paul Lundgren and Stefan Laursen to cut Mr. Pope out of a profitable business arrangement Mr. Pope had initiated to sell wet suits on eBay.  The court found Ms. Pope stole Mr. Pope's business name to the point of transferring all mail in the business to her address, causing Mr. Pope to stop receiving any UPS mailbox deliveries.  As part of its Final Decree, the trial court wrote that Ms. Pope "is sanctioned and is forbidden to oppose [Mr. Pope]'s claim that she subverted and destroyed [Mr. Pope]'s business, The Trading Post."

Ms. Pope appealed the trial court's Final Decree, raising several issues.  The only argument she made that is relevant to this case was that the trial court erred in finding she subverted and destroyed Mr. Pope's business.  *Pope*, 2010 WL 4272690, at *4.  This Court affirmed the trial court's finding, stating:

> Tenn. R. Civ. P. 37.02(B) allows a court to impose "an order refusing to allow the disobedient party to support or oppose designated claims or defenses" as a sanction for failure to comply with prior orders. The February order stated specifically that Husband's claims regarding matters which were covered by discovery that could and should have been provided would be taken as established, and Wife would be forbidden to oppose such claims related to discovery that she failed to provide. In the event that Wife failed to comply with discovery, the court's authority and discretion to impose a sanction authorized by Rule 37 and appropriate for the particulars of the case was not limited simply because the court did not lay out all possible sanctions in its

2

February 25 order. Further, to the extent Wife contends that the court's February 25 order was in any way confusing or inadequate, the record shows neither compliance on the part of Wife with any aspect of the order nor an effort by Wife to clear up any confusion. The court did not abuse its discretion in sanctioning Wife.

*Id.* at \*8.

## Mr. Pope's Federal Complaint

Six months later, in June 2010, Mr. Pope filed a complaint in federal court against Ms. Pope, Fit2Race, the owners of Fit2Race, Paul Lundgren and Stefan Laursen, and the related foreign corporation Tri-Depot, alleging interference with business relations and civil conspiracy. Mr. Pope's company, The Trading Post, was an internet-based business. He alleged the defendants improperly accessed the accounts of his company, rerouted his mail to the defendants' address in Nevada, and improperly directed his customers to the defendants' Fit2Race and Tri-Depot websites. Mr. Pope alleged that as a result of the defendants' conduct, he lost all of his business inventory and income.

The defendants in the federal action filed a motion for summary judgment and a motion seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. Mr. Pope ultimately filed a stipulation of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and the federal district court filed an order dismissing Mr. Pope's complaint with prejudice on April 9, 2013.

## Malicious Prosecution Action

Following the dismissal of Mr. Pope's federal complaint, Fit2Race, Mr. Lundgren, and Mr. Laursen (together, "the Fit2Race Plaintiffs") filed a malicious prosecution complaint in state court on November 29, 2010, against Mr. Pope and the attorney who represented him in federal court, Phillip Leon Davidson. The Fit2Race Plaintiffs alleged that the assertions underlying the federal action were false and were known by Mr. Pope and Mr. Davidson to be false when the federal complaint was filed; that Mr. Pope and Mr. Davidson had no legal basis upon which to base the federal complaint; and that Mr. Pope and Mr. Davidson acted with malice and filed the federal complaint based on an improper motive.

Mr. Pope and Mr. Davidson each filed a motion for summary judgment, and the trial court granted both motions on January 29, 2015. The trial court addressed each element the Fit2Race Plaintiffs had to prove to prevail on their malicious prosecution claim and concluded that the Fit2Race Plaintiffs were unable to prevail as a matter of law. The court

wrote, in pertinent part:

- The Court finds that Plaintiffs cannot prove that the underlying federal action was brought without probable cause because the facts at issue were legally established by the Davidson County Eighth Circuit Court in its December 3, 2009 Final Decree in the matter of *Janson Pope v. Sayuri Kinjo Pope*, Davidson County Circuit Court No. 07-D-3642.

- The Court's final decree was issued after discovery and a trial on the merits of the matter, and established adjudicated facts and conclusions. The adjudicated factual findings and conclusions of the Court establish that the allegations of the underlying complaint are based upon far more than probable cause. The Eighth Circuit Court found and concluded that [Ms. Pope] worked secretly with the Fit2Race Plaintiffs to set up an eBay site, which directly competed with Mr. Pope's Trading Post's eBay site. The Court further concluded that [Ms. Pope] and the Fit2Race Plaintiffs secretly took the Trading Post's business name and even rerouted Mr. Pope's mail. Finally, the Court concluded that [Ms. Pope], over the course of a three-year period, directed the Trading Post's customers to Fit2Race and Tri-Depot websites and worked secretly with Plaintiffs both before and after Plaintiffs backed out of their deal to have Mr. Pope sell over-stock wetsuits. <u>None of these findings of fact or conclusions of law were reversed on appeal.</u>

- These conclusions and facts provided more than ample cause for filing the subsequent federal complaint in the underlying action. Given the Trial Court's findings regarding the conduct of the Plaintiffs as it pertained to Mr. Pope's business, it is clear that the Defendants and in particular Attorney Davidson were justified in believing that a good faith basis existed for asserting claims for civil conspiracy and intentional interference with Mr. Pope's business relationships against the Plaintiffs.

- The fact that the underlying cause of action was ultimately dismissed voluntarily by Mr. Pope is irrelevant in terms of deciding whether probable cause to bring the lawsuit against the Plaintiffs existed. The test for establishing probable cause is whether Mr. Pope and Mr. Davidson, in his representation of Mr. Pope, had a reasonable belief that certain facts existed and under those facts a claim may be valid. . . . Clearly, the Court's findings in the divorce proceedings demonstrate

that probable cause for the underlying action existed.

- [T]he final decree issued by the Trial Court in the Pope/[Pope] divorce proceedings demonstrates that Mr. Pope suffered a legally cognizable injury when Plaintiffs conspired to secretly and intentionally interfere with Mr. Pope's business relations. Not only do the Trial Court's findings negate the lack of probable cause element, they also negate the essential element of malice by showing that Attorney Davidson had a clear and justifiable reason for filing the underlying action on Mr. Pope's behalf.

- Plaintiffs' malicious prosecution claims must fail because the Tennessee Supreme Court, the Tennessee Court of Appeals, and the Sixth Circuit Court of Appeals have specifically held that a voluntary notice of dismissal with prejudice does not constitute a favorable termination without any discussion of the merits of the claim.

(Footnote omitted.)

The Fit2Race Plaintiffs appeal the trial court's granting of Mr. Pope's and Mr. Davidson's motions for summary judgment and the dismissal of their malicious prosecution claim. They contend the trial court erred (1) by relying on the final decree of the Popes' divorce to provide probable cause for the allegations set forth in the federal complaint; (2) by failing to find that Mr. Pope and Mr. Davidson filed the federal complaint with "malice"; and (3) by finding that Mr. Pope's voluntary dismissal did not constitute a "favorable termination" of the federal complaint.

## II. STANDARD OF REVIEW

Summary judgment is an appropriate way of resolving a lawsuit when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. A trial court's ruling on a motion for summary judgment is reviewed de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, __ S.W.3d __, 2015 WL 6457768, at *12 (Tenn. Oct. 26, 2015); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 2003).

Our Supreme Court has recently reviewed the standards that have guided the courts in deciding whether a party is entitled to summary judgment since 1971, when summary judgment first became available in Tennessee. *Rye*, 2015 WL 6457768, at *12. The Court

focused on the most recent standard that was enunciated in *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008), and determined that it "is incompatible with the history and text of Tennessee Rule 56 and has functioned in practice to frustrate the purposes for which summary judgment was intended—a rapid and inexpensive means of resolving issues and cases about which there is no genuine issue regarding material facts." *Id.* at \*19 (citing *Bowman v. Henard*, 547 S.W.2d 527, 529 (Tenn. 1977); *Evco Corp. v. Ross*, 528 S.W.2d 20, 24 (Tenn. 1975)). Concluding that the standard set forth in *Hannan* is "unworkable and inconsistent with the history and text of Tennessee Rule 56," the Court "fully embrace[d] the standards articulated in the *Celotex* trilogy." *Rye*, 2015 WL 6457768, at \*22; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-27 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-52 (1986); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (describing summary judgment standard pursuant to *Celotex* trilogy). The *Rye* Court wrote:

> Our overruling of *Hannan* means that in Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. . . . "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 2015 WL 6457768, at \*22 (emphasis in original). The *Rye* Court emphasized that "[t]he focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage

6

of discovery deadlines, at a future trial." *Id.*

## III. ANALYSIS

In their malicious prosecution complaint, the Fit2Race Plaintiffs alleged that Mr. Pope, represented by Mr. Davidson, asserted a cause of action against the Fit2Race Plaintiffs and Ms. Pope for civil conspiracy to interfere with Mr. Pope's business relationships. The Fit2Race Plaintiffs alleged that there was no probable cause to file the federal complaint; that Mr. Pope and Mr. Davidson acted with malice and had an improper motive to file the federal complaint; and that the federal action was finally terminated in their favor when Mr. Pope agreed to dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41.

To succeed on a malicious prosecution cause of action, a plaintiff must prove an earlier action (1) was filed without probable cause, (2) was filed with malice, and (3) was terminated in favor of the plaintiff. *Himmelfarb v. Allain*, 380 S.W.3d 35, 38 (Tenn. 2012) (citing *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992)). The trial court determined that the Fit2Race Plaintiffs could not prevail on their malicious prosecution claim because they could not satisfy the first or third elements as against either Mr. Pope or Mr. Davidson.[1]

We will address the third element first. There is no dispute that Mr. Pope voluntarily dismissed his federal complaint against the Fit2Race Plaintiffs. Mr. Pope filed a Stipulation of Dismissal in which he stated that he "dismisses this action in its entirety and with prejudice" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Rule 41(a)(1)(A)(ii) states that a plaintiff "may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." The stipulation Mr. Pope filed was signed by Mr. Pope, his attorney, the attorneys for the Fit2Race Plaintiffs, and the attorney for Ms. Pope.

The Tennessee Supreme Court addressed the issue whether a voluntary dismissal of a lawsuit constitutes a favorable termination for the defendant(s) for purposes of satisfying the third element of a malicious prosecution cause of action in the case *Himmelfarb v. Allain*, 380 S.W.3d 35 (Tenn. 2012). The underlying action in that case was a medical malpractice lawsuit that a patient dismissed upon learning that another party was responsible for leaving a guide wire in her vein during a medical procedure. *Himmelfarb*, 380 S.W.3d at 36. The doctors named in the initial malpractice action filed a malicious prosecution case against the patient once she dismissed her complaint against them, and the patient moved for summary

---

[1]The trial court found the Fit2Race Plaintiffs failed to prove the malice element against Mr. Davidson. As to Mr. Pope, the court found that he did not affirmatively negate this element in his opposition to the Fit2Race Plaintiffs' motion for summary judgment.

7

judgment, arguing the doctors could not prove the malpractice action had been terminated in their favor.  *Id.* at 36-37.

The patient in *Himmelfarb* filed a notice of voluntary nonsuit pursuant to Tennessee Rule of Civil Procedure 41.01, which provides that a plaintiff has the right "to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal at any time before the trial . . . ." TENN. R. CIV. P. 41.01(1).  The *Himmelfarb* Court considered, as a matter of first impression, whether a plaintiff's voluntary nonsuit without prejudice constituted a favorable termination for purposes of a subsequent malicious prosecution claim.  *Himmelfarb*, 380 S.W.3d at 38-40.  After considering the effect of voluntary nonsuits in other jurisdictions, the *Himmelfarb* Court determined that "a voluntary nonsuit taken pursuant to Tennessee Rule of Civil Procedure 41 is not a termination on the merits for the purposes of a malicious prosecution claim." *Id.* at 38-41.  The Court reasoned that the merits of a case are not considered when a case is dismissed on procedural grounds. *Id.* at 40-41 (citing *Parrish v. Marquis*, 172 S.W.3d 526, 532 (Tenn. 2005) (holding that a favorable termination was not reached when the case was dismissed because the statute of limitations had expired)).

The *Himmelfarb* Court wrote that public policy reasons support its decision not to treat a voluntary nonsuit without prejudice as a favorable termination.  *Id.* at 41.  As it explained, the public may be less willing to rely on the judicial system to settle disputes if there is a threat that a malicious prosecution action may be filed as a result.  *Id.*  The Court continued:

> We decline to adopt a rule that would deter litigants with potentially valid claims from filing those claims because they are fearful of a subsequent malicious prosecution action. Nor do we wish to deter parties from dismissing their claims when a dismissal is the appropriate course of action.

*Id.*

The Fit2Race Plaintiffs contend that the holding in *Himmelfarb* does not apply to this case because Mr. Pope dismissed his civil conspiracy action with prejudice, whereas the patient in *Himmelfarb* dismissed her medical malpractice case without prejudice. The Fit2Race Plaintiffs argue that we "must look to the underlying circumstances to determine whether or not the termination was favorable to Fit2Race."  In making this argument, the Fit2Race Plaintiffs appear to ignore the *Himmelfarb* Court's express rejection of this approach. *See Himmelfarb*, 380 S.W.3d at 39-40 ("After reviewing the rationales employed in various jurisdictions, we decline to follow those jurisdictions . . . that examine the circumstances under which a voluntary nonsuit is taken.").  We conclude that the *Himmelfarb*

Court's rationale applies equally whether a case is dismissed with or without prejudice. Rule 41.01(2) of the Tennessee Rules of Civil Procedure provides that if a plaintiff dismisses an action "based on or including the same claim" *twice*, a notice of dismissal "operates as an adjudication upon the merits." TENN. R. CIV. P. 41.01(2); *see* FED. R. CIV. P. 41(a)(1)(B) (providing "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits"). However, the Fit2Race Plaintiffs do not contend that Mr. Pope has previously dismissed an action against them based on or including the same claims that Mr. Pope included in his federal complaint. Thus, we hold that Mr. Pope's dismissal of his federal action does not constitute an adjudication on the merits of that claim, and the Fit2Race Plaintiffs cannot establish, as a matter of law, that the federal complaint was a favorable termination for purposes of their malicious prosecution claim.

Because we conclude that Mr. Pope's voluntary dismissal of the federal complaint is not a favorable termination on the merits, the Fit2Race Plaintiffs cannot prove an essential element of their malicious prosecution claim, and the other issues the Fit2Race Plaintiffs raise on appeal are pretermitted.

## IV. CONCLUSION

The trial court's judgment granting Mr. Pope's and Mr. Davidson's motions for summary judgment and dismissing the Fit2Race Plaintiffs' malicious prosecution claim is affirmed. Costs of this appeal shall be taxed to the appellants herein, Fit2Race, Inc., Stefan Laursen, and Paul Lundgren, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE

9