IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 19, 2017 Session

## JOHNNY MOFFITT V. ORBIN MCPEAKE ET AL.

**Appeal from the Circuit Court for Henderson County**
**No. 15076-1     Roy B. Morgan, Jr., Judge**

_____

### No. W2016-01706-COA-R3-CV

_____

A man convicted of aggravated assault filed suit for malicious prosecution against the other three persons involved in the altercation that led to his conviction. The trial court determined that the statute of limitations had run on the malicious prosecution claim. We affirm on a different ground: the plaintiff has no claim for malicious prosecution because the aggravated assault case has not been terminated in his favor.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

John N. Moffitt, Lexington, Tennessee, Pro Se.

Floyd S. Flippin and Terri Smith Crider, Humboldt, Tennessee, for the appellees, Orbin McPeake and Steven Roy Phelps.

Paul Allen England, Decaturville, Tennessee, for the appellee, William Mac Patterson.

FACTUAL AND PROCEDURAL BACKGROUND

On May 16, 2013, Johnny Moffitt was arrested and charged with aggravated assault after a disagreement with Orbin McPeake, Steven Roy Phelps, and William Mac Patterson regarding a boundary line fence. Moffitt was convicted of aggravated assault on July 31, 2014, and received a four-year sentence.

On July 27, 2015, Moffitt filed this civil action against McPeake, Phelps, and Patterson alleging that they conspired to have him illegally arrested, maliciously prosecuted, and unlawfully incarcerated. In October 2015, McPeake and Phelps moved to dismiss the lawsuit pursuant to Tenn. R. Civ. P. 12.02(6) on the basis that the one-year statute of limitations expired before Moffitt filed suit. In an order entered on July 15, 2016, the trial court held that the statute of limitations began to run on May 16, 2013, the date of Moffitt's arrest, and that, therefore, the statute of limitations had expired when Moffitt filed his civil claim on July 27, 2015. The court granted McPeake and Phelps's motion to dismiss.

The claims against Patterson remained unresolved and, when Patterson failed to appear in court on Moffitt's motion for a default judgment, the trial court entered a default judgment against Patterson on November 8, 2016. On December 16, 2016, Patterson filed a motion seeking to set aside the default judgment and, on March 2, 2017, he filed a motion to dismiss. The trial court entered an order setting aside the default judgment on March 8, 2017. On April 24, 2017, the trial court granted Patterson's motion to dismiss Moffitt's claims against him based upon the same reasoning it applied with respect to the other two defendants. Moffitt appeals.

The only issue presented on appeal is whether the trial court erred in dismissing Moffitt's tort suit based upon the statute of limitations.

ANALYSIS

Under Tennessee law, the elements of a claim for malicious prosecution are as follows:

---

[1] Tennessee Court of Appeals Rule 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

> "(1) a prior suit or judicial proceeding was brought against plaintiff without probable cause,
>
> (2) defendant brought such prior action with malice, and
>
> (3) the prior action was finally terminated in favor of plaintiff."

*Selker v. Savory*, No. W2001-00823-COA-R3-CV, 2002 WL 1905312, at \*2 (Tenn. Ct. App. Aug. 13, 2002) (quoting *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992)). In the present case, the issue concerns the third element—the requirement that the prior action be "finally terminated in favor of the plaintiff." *Id.*

There is nothing in the record to show that Moffitt's criminal case has been finally terminated in his favor. In the direct appeal of his criminal conviction, the Court of Criminal Appeals affirmed in part and reversed in part. *State v. Moffitt*, No. W2014-02388-CCA-R3-CD, 2016 WL 369379, at \*9 (Tenn. Crim. App. Jan. 29, 2016). Moffitt states in his appellate brief that he has a pending post-conviction appeal. Thus, because Moffit cannot satisfy the third element of his claim for malicious prosecution, his petition was properly subject to dismissal, without prejudice, under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief may be granted. If Moffitt prevails in his post-conviction case and his conviction is overturned, he can refile his civil suit for malicious prosecution.

The trial court based its dismissal of Moffitt's complaint on the statute of limitations. We note, however, that "an action for malicious prosecution cannot be maintained until the termination of the original action in the plaintiff's favor, and the cause of action does not accrue until that point." *Gray v. 26th Jud. Drug Task Force*, No. 02A01-9609-CV-00218, 1997 WL 379141, at \*2 (Tenn. Ct. App. July 8, 1997) (citing *Dunn v. State of Tenn.*, 697 F.2d 121, 127 (6th Cir. 1982)). *See also Jordan v. Blount Cnty.*, No. 3:16-CV-00122, 2017 WL 3221662, at \*2-3 (E.D. Tenn. July 28, 2017) (concluding that § 1983 *Brady* claim, treated by some circuits as malicious prosecution claim, accrued when Court of Appeals granted post-conviction relief and reversed plaintiff's conviction). Thus, the trial court erred in holding that Moffitt's claim for malicious prosecution accrued on May 16, 2013.[2]

---

[2] The nature of Moffitt's other claims is unclear, and he does not discuss them in his brief. His complaint references illegal arrest and unlawful incarceration. The tort of false imprisonment accrues on the date of the arrest—in this case, May 16, 2013. *Gray*, 1997 WL 379141, at \*4. The one-year statute of limitations would, therefore, have run prior to the filing of Moffitt's lawsuit on July 27, 2015.

CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Johnny Moffitt.

_____
ANDY D. BENNETT, JUDGE