# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### May 3, 2005 Session

## LARRY E. PARRISH, ET AL. v. ROBERT S. MARQUIS, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Knox County**
**No. 1-701-01     Dale C. Workman, Judge**

---

**No. E2004-00875-SC-R11-CV - Filed August 29, 2005**

---

We granted this appeal to determine whether the dismissal of a legal malpractice complaint because it was untimely and for lack of standing constituted a "favorable termination," which is a required element of a malicious prosecution cause of action. The Court of Appeals concluded that the plaintiffs' malicious prosecution claim was based on a favorable termination of the legal malpractice action but granted summary judgment to one defendant after determining there was no genuine issue of material fact as to his involvement in the legal malpractice claim. After reviewing the record and applicable authority, we conclude that the plaintiffs' cause of action for malicious prosecution was not based on a favorable termination because the underlying legal malpractice complaint was dismissed on procedural grounds that did not reflect on the merits. Since both defendants were entitled to summary judgment, the Court of Appeals' judgment is affirmed in part and reversed in part for the reasons stated in this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed in Part and Reversed in Part**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

John J. Mulrooney, Memphis, Tennessee, for the Appellants/Appellees, Larry E. Parrish and Larry E. Parrish, P.C.

Deborah C. Stevens and Summer H. Stevens, Knoxville, Tennessee, for the Appellee/Appellant, Ronald C. Koksal.

Frank Q. Vettori, Knoxville, Tennessee, for the Appellee/Appellant, Robert S. Marquis.

**OPINION**

This appeal involves a malicious prosecution complaint filed by the plaintiffs, Larry E. Parrish and Larry E. Parrish, P.C. ("Parrish"), against the defendants, Robert S. Marquis ("Marquis") and Ronald C. Koksal ("Koksal"). Because this case has a lengthy history in the trial and appellate courts, we begin by summarizing the procedural background.

## BACKGROUND

*Legal Malpractice Claim*

From March of 1989 to December of 1993, Larry E. Parrish, an attorney, represented the Cain Partnership, Ltd. ("the Partnership"). In 1993, Jennie B. Cain Corum Miller ("Miller"), a limited partner in the Partnership, consulted Robert S. Marquis, her personal attorney, regarding Parrish's representation of the Partnership. Marquis advised Miller that she had grounds for a legal malpractice action against Parrish, and he referred her to another attorney, Ronald C. Koksal.

In July of 1993, Koksal filed a legal malpractice action on behalf of Miller in the Circuit Court for Knox County, Tennessee. The complaint alleged, among other grounds, that Parrish had failed to properly represent the interests of the Partnership and had engaged in a "course of cost-consuming and inefficient litigation." The complaint sought $2.5 million in compensatory damages for Miller.

Three years later, in July of 1996, the Circuit Court for Knox County granted summary judgment in favor of Parrish after determining (a) that Miller's legal malpractice complaint had been filed after the expiration of the statute of limitations and (b) that Miller lacked standing as a limited partner to bring the action based on Parrish's representation of the Partnership. The trial court made no findings of fact or conclusions of law with regard to Miller's allegations of legal malpractice or Parrish's representation of the Partnership. Miller did not appeal.

*Malicious Prosecution Claim*

Thereafter, in July of 1997, Parrish filed a malicious prosecution complaint against Koksal and Marquis in the Circuit Court for Shelby County, Tennessee. The complaint alleged that Koksal and Marquis had filed the 1993 legal malpractice action without probable cause and for the improper purposes of embarrassing and intimidating Parrish. After finding no genuine issues of material fact, the Circuit Court for Shelby County granted summary judgments for Koksal and Marquis.

On July 31, 2000, the Court of Appeals concluded that the Circuit Court for Shelby County lacked venue to consider the case and remanded the case to the trial court for further proceedings. On November 27, 2000, the Circuit Court for Shelby County entered an order dismissing Parrish's malicious prosecution complaint for improper venue.

Almost one year later, on November 8, 2001, Parrish re-filed his malicious prosecution complaint in the Circuit Court for Knox County, Tennessee. Koksal responded by filing a motion for summary judgment, arguing that Parrish's malicious prosecution complaint had been filed after the statute of limitations expired and that there had been no favorable termination for Parrish in the underlying 1993 legal malpractice action. Marquis also filed a motion for summary judgment, arguing that the statute of limitations had expired, that there had been no favorable termination for Parrish in the legal malpractice action, and that there was no genuine issue of material fact indicating that Marquis actually filed the legal malpractice claim on behalf of Miller.

The Circuit Court for Knox County granted summary judgment to Koksal and Marquis. Although the trial court observed that the summary judgment in favor of Parrish in the 1993 legal malpractice action had been a "favorable termination" for Parrish, it nonetheless determined that the malicious prosecution action had not been filed within one year of the Court of Appeals' decision of July 31, 2000, and thus, was barred by the statute of limitations. In addition, the trial court granted summary judgment to Marquis after finding that Koksal's representation of Miller and filing of the legal malpractice action were "intervening" factors as to Marquis' involvement. The Court of Appeals affirmed the summary judgments in favor of Koksal and Marquis based on the expiration of the statute of limitations and pretermitted all other issues.

We granted review and reversed the Court of Appeals' judgment. Parrish v. Marquis, 137 S.W.3d 621, 624 (Tenn. 2004). We held that the one-year statute of limitations began to run when Parrish's complaint was dismissed by the Circuit Court for Shelby County on November 27, 2000,[1] and that Parrish's complaint was timely re-filed in the Circuit Court for Knox County within one year of the dismissal. Id. We remanded the case to the Court of Appeals for consideration of the remaining issues. Id.

On remand from our decision, the Court of Appeals concluded that Parrish's malicious prosecution complaint was properly based on a "favorable termination" for Parrish, i.e., the 1993 legal malpractice action. Accordingly, the court reversed the summary judgment in favor of Koksal. The court further held, however, that there was no genuine issue of material fact with regard to Marquis' involvement in the legal malpractice action. Thus, the court affirmed the summary judgment in favor of Marquis.

We again granted review.

_____

[1] Our decision was based on Tennessee Code Annotated section 28-1-105(a), which states in relevant part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest.

Parrish, 137 S.W.3d at 624.

## ANALYSIS

### Standard of Review

Summary judgment is appropriate only where the moving party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Penley v. Honda Motor Co., 31 S.W.3d 181, 183 (Tenn. 2000); see also Tenn. R. Civ. P. 56.04. In reviewing a motion for summary judgment, the evidence and all reasonable inferences drawn from the evidence must be viewed in a light most favorable to the non-moving party. Webber v. State Farm Mut. Auto. Ins. Co., 49 S.W.3d 265, 269 (Tenn. 2001). Our review of the trial court's ruling is de novo. Id.

### Malicious Prosecution

Koksal and Marquis argue that the trial court and the Court of Appeals erred in concluding that Parrish's malicious prosecution cause of action was based on the "favorable termination" of the 1993 legal malpractice action. They maintain that the legal malpractice action was dismissed on procedural grounds, i.e., the expiration of the statute of limitations and plaintiff Miller's lack of standing, which did not reflect on the merits. Parrish responds that there was a "favorable termination" because summary judgment was entered in his favor in the legal malpractice action.

We begin our analysis by reviewing the essential elements of a malicious prosecution cause of action. A plaintiff must show (a) that a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (b) that the prior lawsuit or judicial proceeding was brought against the plaintiff with malice, and (c) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor. Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992); see also Roberts v. Fed. Express Corp., 842 S.W.2d 246, 248 (Tenn. 1992).

As noted, the third element of a malicious prosecution claim requires that the termination of the prior lawsuit or judicial proceeding be "final and favorable." Christian, 833 S.W.2d at 73. As we explained in Christian, the "'finality' component ensures that the plaintiff in the original action has had an opportunity to establish probable cause for commencing suit before being called upon to defend a counterclaim for malicious prosecution." Id. at 73-74. Similarly, the "'favorable' component is required because a judgment in favor of the original plaintiff is conclusive of probable cause, unless procured by fraud." Id. at 74.

In Christian, the issue was whether a plaintiff's abandonment of a civil lawsuit was a final and favorable termination that commenced the statute of limitations for a later malicious prosecution action. Id. at 72. We held that the abandonment of a civil lawsuit "is sufficient to establish a final and favorable termination so long as such abandonment or withdrawal was not accompanied by a compromise or settlement, or accomplished in order to refile the action in another forum." Id. at 74. In reaching this decision, we did not require the plaintiff in the malicious prosecution action to

establish a "final judgment on the merits" or "an inference of innocence" in addition to the abandonment of the lawsuit.  Id.

Our decision in Christian, however, was limited to the procedural context of that case–a plaintiff's abandonment of the underlying civil proceeding.  We did not address the issues raised in this case, i.e., whether a summary judgment in a legal malpractice case based on the expiration of the statute of limitations and lack of standing is a favorable termination for a malicious prosecution action.  Since these are matters of first impression in Tennessee, we review the decisions of other states and other authorities to assist in our analysis of the issues.

In discussing the favorable termination element of a malicious prosecution cause of action, a leading treatise states that "the termination must not only be favorable to the [defendant in the underlying proceeding], but must also reflect the merits and not merely a procedural victory."  W. Page Keeton et al., Prosser and Keeton on The Law of Torts, § 119 (5th ed. 1984) ("Prosser"); see also Foshee v. S. Fin. & Thrift Corp., 967 S.W.2d 817, 819-20 (Tenn. Ct. App. 1997) (citing Prosser).  The vast majority of state jurisdictions follow this rule in cases where, as in the present case, the underlying proceeding was a civil matter.  See Vitauts M. Gulbis, Annotation, Nature of Termination of Civil Action Required to Satisfy Element of Favorable Termination to Support Action for Malicious Prosecution, 30 A.L.R 4th 572 (1984 & Supp. 2005).

The rationale for requiring a plaintiff in a malicious prosecution action to establish that the favorable termination of the underlying proceeding was not simply based on mere technical or procedural grounds is

> that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort [of malicious prosecution].
>
> . . . .
>
> It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits. However, termination must *reflect* on the merits of the underlying action.

Lackner v. LaCroix, 602 P.2d 393, 394 (Cal. 1979) (citations omitted); see also Frey v. Stoneman, 722 P.2d 274, 278 (Ariz. 1986) (favorable termination "indicates in some fashion that the accused is innocent of wrongdoing"); Alcorn v. Gordon, 762 S.W.2d 809, 812 (Ky. Ct. App. 1988) (favorable termination must reflect on the merits); Palmer Dev. Corp. v. Gordon, 723 A.2d 881, 884 (Me. 1999) (favorable termination must reflect on the merits); Siliski v. Allstate Ins. Co., 811 A.2d 148, 151 (Vt. 2002) (favorable termination must relate "to the merits of the underlying suit or the circumstances surrounding the dismissal").

In determining whether a specific result was a favorable termination, a court must examine the circumstances of the underlying proceeding. Siliski, 811 A.2d at 151 (citing Restatement (Second) of Torts, § 674, cmt. j (1977)). If a court concludes that "the termination does not relate to the merits–reflecting on neither innocence of nor responsibility for the alleged misconduct–the termination is not favorable in the sense that it would support a subsequent action for malicious prosecution." Lackner, 602 P.2d at 395. As the Supreme Court of Vermont has further explained:

> [I]f the manner of termination, including dismissal, reflects negatively on the merits of the case, it will be considered favorable to the defendant. . . . More specifically, if the dismissal somehow indicates that the defendant is innocent of wrongdoing, it will be considered a favorable termination. . . . On the other hand, if the reason for dismissal is "not inconsistent" with a defendant's wrongdoing, it will not be considered a favorable termination. . . . If the circumstances surrounding dismissal are ambiguous on this point, the determination should be left for trial.

Siliski, 811 A.2d at 151-52 (citations omitted); see also Union Oil of Calif. Amsco Div. v. Watson, 468 So. 2d 349, 353-54 (Fla. Dist. Ct. App. 1985) (courts "must look to whether the manner of termination reflects on the merits of the case").

In applying the principles established in the foregoing cases, courts have universally concluded that a favorable termination is not present where the underlying proceeding was resolved based on the expiration of a statute of limitations. Miskew v. Hess, 910 P.2d 223, 233 (Kan. Ct. App. 1996) ("[T]he accepted rule is that a statute of limitations termination is not a favorable termination for the purposes of a malicious prosecution action."); see also Lackner, 602 P.2d at 395; Wong v. Panis, 772 P.2d 695, 699 (Haw. Ct. App. 1989), *abrogated on other grounds by* Hac v. Univ. of Hawaii, 73 P.3d 46 (Haw. 2003); Miskew, 910 P.2d at 233; Palmer Dev. Corp., 723 A.2d at 884; Siliski, 811 A.2d at 154. As the Supreme Court of Maine has explained:

> A successful statute of limitations defense does not reflect on the merits of an action. Statutes of limitations demonstrate a societal choice that actions must be brought within a certain time period because the information about the substance of the action grows stale with fading memories and because of the need to protect people from potential liability on remote claims.

Palmer Dev. Corp., 723 A.2d at 884; Lackner, 602 P.2d at 395 ("[T]he purpose served by dismissal on limitations grounds is in no way dependent on nor reflective of the merits–or lack thereof–in the underlying action."); see also Weber v. Moses, 938 S.W.2d 387, 393 (Tenn. 1996) (statutes of limitations "ensure fairness, prevent undue delay, and preserve evidence from the dangers inherent in the passage of time").

Courts have likewise concluded that a favorable termination is not present for a malicious prosecution claim where the underlying proceeding was resolved based on matters of standing and jurisdiction. Hudis v. Crawford, 24 Cal. Rptr. 3d 50 (Cal. Ct. App. 2005); see also Stix & Co. v. First Bank and Trust Co., 564 S.W.2d 67 (Mo. Ct. App. 1978); Hatch v. Davis, 102 P.3d 774 (Utah Ct. App. 2004). In Hudis, the trial court dismissed a malicious prosecution action after finding that the underlying lawsuit had been dismissed for a lack of standing and was, therefore, not a favorable termination. 24 Cal. Rptr. at 54-55. In affirming the judgment, the California Court of Appeals determined that a lack of standing is a "jurisdictional defect," and that a dismissal for lack of jurisdiction "does not involve the merits." Id. The court further explained:

> The merits of [the] allegations . . . were never considered by the court and were unrelated to the basis for the dismissal of the action. Therefore, it cannot be said that the dismissal reflected on the innocence of [the defendants in the underlying lawsuit]. Consequently, the termination of the underlying action for 'lack of standing' did not, in this case, constitute a favorable termination on the merits.

Id. at 1592 (emphasis added).

We are persuaded by our examination of the decisions of other states and other authority that the almost universal rule is that a dismissal of a complaint on procedural grounds that do not reflect on the merits is not a "favorable termination" for a malicious prosecution cause of action. In applying this rule enunciated in the foregoing cases under the appropriate standards of review, we conclude that Parrish failed to establish the favorable termination element of his malicious prosecution claim. Parrish based his malicious prosecution action on the legal malpractice complaint filed against him in 1993. The legal malpractice action ended in a summary judgment for Parrish because it had been filed after the statute of limitations expired and because the plaintiff, Miller, lacked standing. In granting the summary judgment to Parrish, the trial court did not examine the allegations of legal malpractice or make any findings regarding Parrish's representation. In sum, there is nothing in the record to indicate that the outcome of the legal malpractice action was a reflection on the merits.

Our conclusion requires that we disagree with the Court of Appeals' view that *any* outcome of the underlying lawsuit or judicial proceeding favorable to the original defendant will support the favorable termination element so long as that outcome "was not accompanied by a compromise or settlement, or accomplished in order to refile the action in another forum." Such a broad interpretation of this essential element is not supported by our decision in Christian or by the persuasive, almost overwhelming authority from other courts and legal commentators.

Accordingly, we conclude that Parrish's complaint for malicious prosecution failed to establish the essential element of favorable termination. As this conclusion mandates that summary judgments be awarded to Koksal and Marquis, we do not address any remaining issues.

## CONCLUSION

After reviewing the record and applicable authority, we conclude that the dismissal of a legal malpractice claim for being untimely and for lack of standing was not a favorable termination because the procedural grounds did not reflect on the merits. As a result, an essential element of the malicious prosecution cause of action filed by Parrish was lacking. Because Koksal and Marquis are both entitled to summary judgment, we affirm the Court of Appeals' judgment in part and reverse in part for the reasons set out in this opinion. Costs of the appeal are taxed to the appellants, Larry E. Parrish and Larry E. Parrish, P.C., and their sureties, for which execution shall issue if necessary.

_____
E. RILEY ANDERSON, JUSTICE