# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 21, 2005

## ALEXANDER C. WELLS v. JAMES HEFNER, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99C-2278     Barbara N. Haynes, Judge**

---

**No. M2004-02313-COA-R3-CV - Filed May 3, 2006**

---

Plaintiff appeals the summary dismissal of his complaint for malicious prosecution against three officials at Tennessee State University. A former student of Plaintiff, a professor at Tennessee State University, filed a complaint with the Affirmative Action Officer at TSU, alleging sexual harassment by Plaintiff in the fall of 1990. Following a series of administrative proceedings within the university, Plaintiff was found to have violated its policy on sexual harassment and its standards of professional conduct and responsibility for which his employment was terminated. Plaintiff then filed a Petition for Review with the Chancery Court and successfully appealed his termination. As a consequence, his employment was reinstated. Thereafter, Plaintiff filed this action against three university officials who participated in the proceedings that led to his termination, asserting they lacked probable cause. We have determined the defendants never brought a lawsuit or judicial proceeding against Plaintiff, an essential element to a cause of action for malicious prosecution, and thus affirm the summary dismissal of the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Alexander C. Wells.

Paul G. Summers, Attorney General and Reporter, and Leslie Ann Bridges, Senior Counsel, for the appellees, James Hefner, Timothy Quain, and Dean Roberts.

## OPINION

Alexander C. Wells, Plaintiff, was employed by Tennessee State University in 1958 and became a full professor in 1985. In 1990, a student filed a complaint with the university accusing Plaintiff of sexual harassment. One of the defendants, Dr. Timothy Quain, the Affirmative Action Officer, investigated the complaint and found the evidence sufficient to establish that Plaintiff had

violated university policy against sexual harassment.[1] Plaintiff appealed Dr. Quain's decision. An administrative law judge conducted a full evidentiary hearing during which Dr. Dean Roberts, a professor at the university, testified about complaints two female students lodged against Plaintiff.[2] Following the hearing, it was determined Plaintiff had violated the university's sexual harassment policy. The decision of the administrative law judge was then submitted to the university president, Dr. James Hefner, also a defendant. Following a review of the matter, Dr. Hefner upheld the order of the administrative law judge. Plaintiff did not appeal that decision.

Thereafter, the Vice President for Academic Affairs, Dr. Arthur Washington, recommended that the university initiate tenure termination proceedings. Pursuant to university policy, a tenure committee appointed to seek an acceptable resolution of the dispute recommended Plaintiff be allowed to resign or retire, but if he declined, that steps be taken to terminate his tenure. Plaintiff declined both options. As a consequence, a termination hearing was conducted following which the hearing committee found just cause to terminate Plaintiff's tenure based on its finding he was guilty of "capricious disregard for accepted standards of professional conduct." Plaintiff then appealed the decision of the tenure committee to Dr. Hefner, who accepted the committee's decision to terminate Plaintiff.

Plaintiff then appealed the university's decision to the Tennessee Board of Regents (Board). The Board's Chancellor, Charles E. Smith, conducted a review and concurred with the university's decision. Thereafter, the Board of Regents denied Plaintiff's request for appeal. Following the Board's decision, Plaintiff filed a Petition for Review with the Chancery Court. Following a bench trial, the Chancery Court reversed the decision to terminate Plaintiff. The Board appealed that decision directly to the Tennessee Supreme Court, which affirmed the decision of the Chancery Court.

Having prevailed in the tenure termination proceedings, Plaintiff filed this action for malicious prosecution against Dr. James Hefner, Dr. Timothy Quain, and Dr. Dean Roberts. Defendants filed a Motion for Summary Judgment contending they were entitled to summary judgment as a matter of law because Plaintiff could not establish the essential elements of malicious prosecution. The trial court agreed and summarily dismissed the complaint against all three defendants.

---

[1] The investigation revealed that other students, past and present, as well as female faculty members, had also complained they had been sexually harassed by Plaintiff.

[2] Dr. Roberts was a Professor of Curriculum Instruction at the university. In 1985, he also served as the Associate Vice President of the University, and at a time when both the university President and the Equal Employment Opportunity officer were unavailable, Dr. Roberts received complaints from two female students about the inappropriate sexual conduct of Plaintiff.

## STANDARD OF REVIEW

The issues were resolved in the trial court upon summary judgment. Summary judgment does not enjoy a presumption of correctness on appeal. *BellSouth Advertising & Publishing Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). This court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997). We consider the evidence in the light most favorable to the non-moving party and resolve all inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). When reviewing the evidence, we first determine whether factual disputes exist. If a factual dispute exists, we then determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993); *Rutherford v. Polar Tank Trailer, Inc.*, 978 S.W.2d 102, 104 (Tenn. Ct. App. 1998).

Summary judgment is proper in virtually all civil cases that can be resolved on the basis of legal issues alone, *Byrd v. Hall*, 847 S.W.2d at 210; *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001); however, it is not appropriate when genuine disputes regarding material facts exist. Tenn. R. Civ. P. 56.04. The party seeking a summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d at 695. Summary judgment should be granted at the trial court level when the undisputed facts, and the inferences reasonably drawn from the undisputed facts, support one conclusion, which is the party seeking the summary judgment is entitled to a judgment as a matter of law. *Pero's Steak & Spaghetti House v. Lee*, 90 S.W.3d 614, 620 (Tenn. 2002); *Webber v. State Farm Mutual Automobile Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The court must take the strongest legitimate view of the evidence in favor of the non-moving party, allow all reasonable inferences in favor of that party, discard all countervailing evidence, and, if there is a dispute as to any material fact or if there is any doubt as to the existence of a material fact, summary judgment cannot be granted. *Byrd v. Hall*, 847 S.W.2d at 210; *EVCO Corp. v. Ross*, 528 S.W.2d 20 (Tenn. 1975). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the non-moving party's claim or establish an affirmative defense that conclusively defeats the non-moving party's claim. *Cherry v. Williams*, 36 S.W.3d 78, 82-83 (Tenn. Ct. App. 2000).

## ANALYSIS

Plaintiff contends the trial court erred by dismissing the complaint because there are material facts in dispute concerning whether probable cause existed to prosecute him for sexual harassment. We find the appeal without merit because Plaintiff failed to establish an essential element of a cause of action for malicious prosecution; that the defendants brought a prior lawsuit or judicial proceeding against Plaintiff without probable cause.

In a case for malicious prosecution, "[a] plaintiff must show (a) that a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause, (b) that the prior lawsuit or

judicial proceeding was brought against the plaintiff with malice, and (c) that the prior lawsuit or judicial proceeding terminated in the plaintiff's favor." *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005) (citing *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992) (other citations omitted).

The Tennessee Supreme Court has stressed the importance of the nature of the underlying proceeding, the action upon which the claim for malicious prosecution is based. "An action for malicious prosecution, by its very nature, must be brought with reference to some other judicial proceeding. Thus one of the essential allegations in an action for malicious prosecution is that a prior suit has been instituted." *Ryerson v. American Surety Company of New York*, 373 S.W.2d 436, 437 (Tenn. 1963).

The first element a plaintiff must show in an action for malicious prosecution is "that a *prior lawsuit or judicial proceeding was brought against the plaintiff* without probable cause." *Parrish*, 172 S.W.3d at 530 (emphasis added). In Plaintiff's own words, his claim "is based upon the grounds that he was prosecuted at a departmental committee hearing without there being any probable cause to go forward with that hearing." The proceedings that resulted in the termination of Plaintiff's tenure began at the university and did not involve the judicial system. Moreover, the decision that came out of this committee meeting eventually made its way to the Davidson County Chancery Court on Plaintiff's Petition for Review. Significantly, none of the defendants initiated a lawsuit or judicial proceeding against Plaintiff. Further, but for Plaintiff's filing of the Petition for Review, the "prior proceedings" would not have reached the judicial system.

There being no dispute of fact that the defendants did not initiate a prior lawsuit or judicial proceeding against Plaintiff, we affirm the dismissal of the complaint for malicious prosecution.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Appellant, Alexander C. Wells.

_____
FRANK G. CLEMENT, JR., JUDGE