IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 13, 2007 Session

## O'RANE M. CORNISH, SR. v. THE HOME DEPOT, INCORPORATED

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001164-05     The Honorable James F. Russell, Judge**

---

**No. W2006-00568-COA-R3-CV - Filed April 19, 2007**

---

This case arises from the trial court's grant of summary judgment in favor of Defendant/Appellee on a malicious prosecution complaint filed by Plaintiff/Appellant. Defendant/Appellee certified that it mailed copies of its filings, including its motion for summary judgment, to an incorrect address for Plaintiff/Appellant. Under Tenn. R. Civ. P. 5.02, if by mail, service must be made to the last known address of the party. Because Defendant/Appellee mailed its notice to an incorrect address, Plaintiff/Appellant was not properly noticed. We reverse and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

O'Rane M. Cornish, Sr., Pro Se

Jay M. Atkins of Memphis, Tennessee for Appellee, The Home Depot

**OPINION**

O'Rane M. Cornish, Sr. ("Plaintiff," or "Appellant") is the owner/operator of a Tennessee construction firm. In connection with his business, Mr. Cornish caused purchases of construction materials to be made at Home Depot USA, Inc. ("Home Depot," "Defendant," or "Appellee"). The purchases were made on April 7, 8, and 9, 2000 with checks in the respective amounts of $248.67, $265.81, and $328.37. Thereafter, Mr. Cornish realized that he did not have sufficient funds in his bank account to cover the amounts. Mr. Cornish contacted Home Depot to inform them that the checks would be returned and to get instructions for making good on the amounts he owed. The Home Depot referred Mr. Cornish to its Collection Department in Nashville. Mr. Cornish contacted the Collection Department by phone and was given instructions for making payments. Following those

instructions, Mr. Cornish sent a money order in the full amount of the three checks and fees assessed.

On or about July 6, 2000, Home Depot filed three criminal complaints against Mr. Cornish with the District Attorney in Hernando, Mississippi. The complaints accused Mr. Cornish of writing bad checks and failing to redeem them following their unpaid return. A warrant was issued for Mr. Cornish and he was arrested by the DeSoto County Sheriff's Department. Mr. Cornish was transported to the DeSoto County Jail where he was booked and confined. On July 26, 2000, Mr. Cornish was indicted as a result of the complaint filed by Home Depot. He was arraigned and released on $10,000 bond.

Also in 2000, Mr. Cornish was indicted by a Federal Grand Jury on matters unrelated to the instant case. In 2001, he was convicted and confined to the Federal Prison in Texarkana. In May 2003, Mr. Cornish was transported to the DeSoto County Detention Center in Hernando, Mississippi to answer the charges made by Home Depot. On March 1, 2004, the Circuit Court of DeSoto County, Mississippi held a hearing on motion *ore tenus* of the State of Mississippi, Office of the District Attorney, requesting that the case be "remanded to the files." On the same day, the Mississippi court entered an "Order Remanding Cause." On March 10, 2004, Mr. Cornish was returned to the Federal Prison in Texarkana. Shortly thereafter, Mr. Cornish was transferred to the Federal Prison in Oakdale, Louisiana.

On March 1, 2005, Mr. Cornish filed a "Complaint For Malicious Prosecution" against Home Depot.[1] The Summons, issued on March 3, 2005, lists Mr. Cornish's address as "3804 Shady Hollow Ln., Memphis, Tennessee 38116." A corrected Summons was issued on March 16, 2005, which Summons corrected Home Depot's address to "800 Gay St. Ste. 2021 Knoxville, TN 37929;" Mr. Cornish's address on this Summons is still listed as "3804 Shady Hollow Ln. Memphis, TN 38116." On April 18, 2005, Home Depot filed its Answer, in which it denies the material allegations of the Complaint. In the Certificate of Service section of the Answer, Mr. Cornish's address is listed as "3104 Shady Holly Lane, Memphis, TN 38116."

On January 5, 2006, Home Depot filed a Motion for Summary Judgment. The Certificate of Service for this Motion also lists Mr. Cornish's address as "3104 Shady Hollow Lane, Memphis, TN 38116." On January 31, 2006, Mr. Cornish filed a "Motion to Embargo Further Action Pending Defendant's Answer." In this Motion, Mr. Cornish asserts that he has not received Home Depot's Answer to his Complaint. Mr. Cornish also informs the court that he is "currently confined at FCI-Oakdale, Oakdale Louisiana." On February 2, 2006, Home Depot filed a Response to Mr. Cornish's Motion, which Response states, in relevant part:

> As grounds for his Motion, Plaintiff asserts that Home Depot is in default because it has either failed to respond to the Complaint, or failed to properly serve Plaintiff with a copy of its Response to the Complaint. The Summons Plaintiff issued against Home Depot lists

---

[1] Home Depot USA, Inc. was incorrectly sued as The Home Depot, Inc.

Plaintiff's address as 3804 Shady Hollow Lane, Memphis, TN 38116. The Summons contains no other address for Plaintiff. The Complaint for Malicious Prosecution Plaintiff served on Home Depot contained no address for Plaintiff. Home Depot filed its Answer to the Complaint for Malicious Prosecution within thirty (30) days of service of process, and mailed a copy of its Answer to O'Rane Cornish at the said address.

Despite the fact that Home Depot notes that the Summons shows Mr. Cornish's address as 3804 Shady Hollow Lane, the Certificate of Service section of the Response lists Mr. Cornish's address as "3104 Shady Hollow Lane, Memphis, TN 38116."

On February 22, 2006, the trial court entered an "Order Granting Motion of Defendant, Home Depot USA, Inc., for Summary Judgment," which Order reads, in relevant part, as follows:

Having heard the Motion of Defendant, Home Depot USA, Inc., for Summary Judgment, upon statements of counsel for Home Depot USA, Inc. and considering the Affidavit of Celeste Wilson, the failure of plaintiff to respond to said motion after proper service of said motion and notice of the hearing, and the entire record in this cause, this Court finds that said motion is well-taken and should be granted. Plaintiff has failed, as a matter of law, to establish each element of his malicious prosecution claim against Home Depot USA, Inc., in particular, the third element, which requires a showing that "the prior lawsuit or judicial proceeding terminated in the plaintiff's favor." *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005) (quoting *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992)). This Court finds that the Order Remanding Cause filed in "the prior lawsuit or judicial proceeding" was neither final nor favorable.

Mr. Cornish appeals, *pro se*, from this Order and raises two issues for review as stated in his brief:

ISSUE 1: Fatal Procedural Failure

Where the Tennessee Rules of Civil Procedure require a defendant to serve its first pleadings addressing the merits of the complaint; and where it is shown by objective review of the record, that said first pleading (answer) was never served upon plaintiff as commanded by the summons; is it not <u>error</u>, and an <u>abuse of discretion</u>, for the court to ignore said failure to serve answer, and grant summary judgment to offending defendant who failed to serve its answer; and does such failures [sic] not <u>evidence and constitute denial</u> of plaintiff's federal and state due process rights?

-3-

ISSUE 2: Remarkable Denial of Constitutional Rights

Whereas (a) a court is formally noticed of Plaintiff's confinement prior to its consideration and granting of summary judgment sought by defendant who, the record shows, knew or should have known of Plaintiff's confinement but withheld same from the court; (b) defendant party seeking summary judgment, the record shows, did not serve its Answer on plaintiff party against whom he seeks the summary judgment; (c) confined Plaintiff party, record shows, was not served with any of the pleadings on file with the Court, or was at best noticed to a false Memphis, Tennessee address when in fact he was all the time confined outside the city at an FCI in Oakdale, Louisianna; (d) plaintiff, the record shows, was never afforded an opportunity to defend to the extent that he was never served pleadings or notice of hearings, and the record is silent as to any effort to or of any actual request to confinement authorities to obtain plaintiff's presence for any of the proceedings; (e) confined plaintiff, having properly exercised his constitutional right to institute a civil case against the defendant, and was entitled to have further action thereon held in abeyance until release as a matter of the constitution and laws of the State, and it was not, but instead a summary judgment is granted defendant;

NOW THEN, do the foregoing failures not constitute and evidence[] the denial of Plaintiff's State and Federal fundamental constitutionally guaranteed Due Process rights?

The gravamen of Mr. Cornish's issues is whether he received proper notice of the motion for summary judgment filed against him by Home Depot. Tenn. R. Civ. P. 5.01 states, in pertinent part, that:

Unless the Court otherwise orders...every written motion other than one which may be heard ex parte...shall be served upon each of the parties.

Tenn. R. Civ. P. 5.02 addresses how service may be properly made, to wit:

Whenever under these rules service is required.... Service...upon a party shall be made by delivering to him or her a copy of the document to be served, or by mailing it to such person's last known address....

Here, Home Depot asserts, *inter alia* that the Order granting summary judgment in its favor should stand based upon Mr. Cornish's failure to timely notify the trial court of his confinement in federal prison. "It is well settled that, "[i]f a litigant proceeding *pro se* relocates during the course of litigation, he is encumbered with the responsibility of notifying the clerk of the court of his new

-4-

address." **Reynolds v. Battles**, 108 S.W.3d 249, 251 (Tenn. Ct. App. 2003). We concede that, in the instant case, Mr. Cornish did not notify the trial court of his whereabouts until January 31, 2006, when he filed his "Motion to Embargo Further Action Pending Defendant's Answer," *see supra*. However, until January 31, 2006, Mr. Cornish's "address of record" remained that contained in the original Summons–i.e. 3804 Shady Hollow Ln., Memphis, Tennessee 38116. Had Home Depot mailed its filings to that address, it would have been in compliance with Tenn. R. Civ. P. 5.02, *supra*. However, as set out above, the certificates of service contained in Home Depot's Answer, as well as its Motion for Summary Judgment, certify that notice was mailed to 3104 Shady Hollow Ln., Memphis, Tennessee. According to the certificates of service attested to by Home Depot in this case, proper notice to Mr. Cornish simply was not made. Accordingly, we do not reach the merits of the motion for summary judgment.

For the foregoing reasons, we reverse the Order of the trial court granting summary judgment in favor of Home Depot. We remand the case for such further proceedings as may be necessary consistent with this Opinion. Costs of this appeal are assessed against the Appellee, Home Depot USA, Inc.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.