NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0746n.06
Filed: October 18, 2007

No. 07-5323

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JOHN F. SCHLUETER, | ) | |
| | ) | **ON APPEAL** FROM THE |
| **Plaintiff-Appellant**, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| SOUTHERN ENERGY HOMES, INC., | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellee.** | ) | |

BEFORE:  COLE and GRIFFIN, Circuit Judges; and WATSON, District Judge.[*]

**MICHAEL H. WATSON, District Judge.**  Plaintiff-Appellant John F. Schlueter brought a diversity action asserting state law claims of malicious prosecution and continued malicious prosecution.  The district court granted summary judgment in favor of Defendant-Appellee Southern Energy Homes Inc. ("Southern"), holding that Schlueter was unable to establish lack of probable cause as a matter of law.  For the following reasons, we **AFFIRM** the district court's judgment.

**I.**

Schlueter worked for Southern Energy Homes Retail Corporation, a subsidiary of Southern, until his termination in 2000.  On April 6, 2000, the state grand jury indicted Schlueter for theft in excess of $60,000 from Southern in violation of Tenn. Code. Ann. § 39-14-103.  Schlueter's counsel

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

filed a pretrial motion to compel production or allow inspection of records. The state trial court denied the motion as too broad, but indicated that it would reconsider the request if Schlueter's counsel defined the documents being sought more narrowly. Schlueter's counsel, however, did not make any further attempts to obtain documents. The matter proceeded to trial on October 16, 2001, and the jury convicted Schlueter of theft over $60,000. Some months later, on February 10, 2003, the state trial court sentenced Schlueter to ten years in prison.

Schlueter filed a motion for new trial on March 11, 2003, arguing, *inter alia,* the weight of the evidence did not support a verdict of guilty of theft over $60,000, and counsel was ineffective because he failed to narrowly tailor the motion to compel, which resulted in the failure to obtain discoverable material. The state trial court granted Schlueter's motion for new trial on November 17, 2003, based solely upon ineffective assistance of counsel. The court noted that at trial Schlueter admitted sending fraudulent or inflated invoices, and, hence, his "own testimony convicted him." (JA 7.) Furthermore, the court stated, "while Defendant's guilt was proven by the State beyond a reasonable doubt, the Court is not convinced that, had all the documentation been presented to the jury, that it would have found the Defendant guilty of theft over $60,000 beyond a reasonable doubt." (JA 9.)

The matter was never set for a new trial. On May 26, 2005, Schlueter moved to dismiss the criminal case for violation of his right to a speedy trial. On June 12, 2006, the trial court dismissed the criminal action in its entirety without explanation.

On October 24, 2006, Schlueter filed a complaint in the district court against Southern, asserting malicious prosecution and continued malicious prosecution. On December 13, 2006,

Southern filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Schlueter filed a memorandum in opposition, to which he attached an affidavit. As it should, the district court converted the Rule 12(b)(6) motion to a motion for summary judgment, and gave both parties notice and an opportunity to submit additional material. The district court granted Southern's motion for summary judgment on February 21, 2007, holding Schlueter was unable to establish lack of probable cause as a matter of law. The district court observed:

> The fact that the criminal case was ultimately dismissed is in no way an indication that probable cause did not exist at the outset. The Motion to Dismiss that resulted in the ultimate dismissal was based exclusively upon a denial of the right to speedy trial. The Order granting that motion without any explanation whatsoever can only be interpreted as granting a dismissal on the grounds set out in the motion. The plaintiff's criminal counsel may not, through the hearsay statements in her Affidavit "fill in the blanks" to furnish a rationale for the court's dismissal that does not appear in the court's Order. Courts speak through their orders.

(JA 16)(docket references omitted.) Schlueter filed his notice of appeal on March 16, 2007.

## II.

Appellate courts review a district court's grant of summary judgment *de novo*. *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). Summary judgment may be granted when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.

### A.

To succeed in an action for malicious prosecution, a plaintiff must show: (1) a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause; (2) the prior lawsuit

or judicial proceeding was brought against the plaintiff with malice; and (3) the prior lawsuit or judicial proceeding was finally terminated in the plaintiff's favor. *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005); *Christian v. Lapidus,* 833 S.W.2d 71, 73 (Tenn. 1992).

In an action for malicious prosecution, the plaintiff bears a "heavy burden of proof" to show lack of probable cause. *Kauffman v. A.H. Robins Co.*, 448 S.W.2d 400, 404 (Tenn. 1969). Absent fraud, a judgment in the original case in favor of the prosecution conclusively establishes probable cause. *Christian*, 833 S.W.2d at 74. A criminal conviction, even if later reversed, constitutes conclusive evidence of probable cause unless the conviction was obtained by fraud, perjury, or other corrupt means. *Dunn v. State of Tennessee,* No. 84-5382, 1986 WL 17155, at * 3 (6th Cir. June 23, 1986); Restatement (Second) of Torts § 667(1) (1977); *see also Haynie v. State of Tennessee,* No. M2001-01522-CCA-R3-PC, 2002 WL 464822, at * 6 (Tenn. Ct. App. Sept. 16, 2002)(conviction in underlying criminal proceeding is complete bar to malicious prosecution claim).

Schlueter contends that his complaint, along with the affidavit of his former attorney, Cynthia M. Fort, give rise to a jury issue as to probable cause. In her brief affidavit, Fort avers the documents Schlueter's former trial counsel failed to obtain could have exonerated Schlueter. The documents Fort refers to are not part of the record before this Court, nor does it appear that Schlueter submitted them in opposing summary judgment before the district court.

The text of Fed. R. Civ. P. 56 provides a party may not rest on its pleadings in opposing a summary judgment motion. Fed R. Civ. P. 56(e). Schlueter's reference to his complaint is therefore unavailing.

The district court rejected Fort's affidavit because it constituted hearsay, and because it purported to furnish the state trial court's rationale for dismissing the criminal action. On appeal, Schlueter does not challenge the district court's ruling that Fort's affidavit contained inadmissible hearsay. Aside from that, Fort's assertion that the subject documents might have "possibly exonerated Schlueter" is both equivocal and conclusory, and does not give rise to a genuine issue of material fact on the issue of probable cause. *See Revis v. Meldrum,* 489 F.3d 273, 288 (6th Cir. 2007); *Williams v. Ford Motor Co.,* 187 F.3d 533, 544 (6th Cir. 1999). In similar fashion, Schlueter suggests in his brief that his conviction was obtained by fraud. The record is, however, devoid of any admissible evidence that Southern fraudulently withheld documents. Rather, the documents were not obtained by Schlueter due to the ineffective assistance of his counsel.

The jury convicted Schlueter of theft in violation of Tenn. Code Ann. 39-14-103 (2003). That statute provides: "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Nothing in the language of the statute suggests the value of the property stolen is an essential element of the offense of theft.

Schlueter's conviction constitutes conclusive evidence of probable cause for the offense of theft. *See Dunn,* at * 3. Although the fact of conviction itself establishes probable cause, as noted above, the state trial judge observed separately that the evidence supported the jury's verdict, and that Schlueter's "own testimony convicted him" (JA 8.) Although the trial court found the additional documents cast doubt on the amount of money stolen, the court nonetheless found the weight of the evidence confirmed the jury's conviction of Schlueter for the offense of theft.

For the above reasons, Schlueter cannot satisfy the heavy burden of establishing the lack of probable cause. It follows the district court did not err in granting summary judgment in favor of Southern.

**B.**

Southern argues that even if the district court erred in holding that Schlueter was unable to demonstrate a lack of probable cause, this Court should nevertheless affirm the district court's judgment because Schlueter is also unable to demonstrate favorable termination. For purposes of establishing malicious prosecution, the termination of the criminal proceeding must have been both "final and favorable." *Christian*, 833 S.W.2d at 73. A favorable termination must reflect on the merits of the case. *Parish,* 172 S.W.3d at 531; *Foshee v. Southern Finance & Thrift Corp.,* 967 S.W.2d 817, 820 (Tenn. Ct. App. 1997). A court must examine the circumstances of the underlying proceeding to determine whether a specific result was a favorable termination. *Parish,* 172 S.W.3d at 531. "'[I]f the circumstances surrounding dismissal are ambiguous on this point, the determination should be left for trial.'" *Id.* (quoting *Siliski v. Allstate Ins. Co.,* 811 A.2d 148, 152 (Vt. 2002)).

Schlueter contends the dismissal of the criminal charge against him was a favorable termination on the merits. Schlueter ostensibly supports this assertion with the affidavit of his former attorney. As noted above, Fort's affidavit is conclusory and therefore insufficient to create a genuine issue of material fact. *See Revis,* 489 F.3d at 288; *Williams,* 187 F.3d at 544. Furthermore, as the district court observed, allowing Schlueter to explain the state trial court's dismissal in this manner would run afoul of the principle that courts speak through their orders. *See In re Adoption of Female Child E.N.R,* 42 S.W.3d 26, 31 (Tenn. 2001).

The circumstances underlying the dismissal of the criminal charge against Schlueter are as follows: Schlueter was convicted in October 2001, and was sentenced on February 10, 2003. (JA 5.) Schlueter filed a motion for new trial on March 11, 2003, which the state trial court granted on November 17, 2003. *Id.* In the order granting a new trial, the state trial court concluded the jury's finding of guilt was supported by the evidence, which included Schlueter's own admissions. (JA 8). No further action was taken in the criminal proceeding until May 26, 2005, when Schlueter moved to dismiss the case on the ground that his right to a speedy trial had been violated. The state trial court dismissed the criminal action more than a year later, on June 12, 2006. None of these circumstances surrounding the dismissal of the state criminal action against Schlueter support an inference that the dismissal was a favorable termination. Rather, given the state trial court's finding that the jury's guilty verdict was supported by the evidence, and the last event before the dismissal was the filing of a motion to dismiss on speedy trial grounds, the surrounding circumstances unambiguously indicate the dismissal was not a favorable termination on the merits. For this additional reason, the district court did not err in granting summary judgment in favor of Southern.

### C.

Schlueter also purports to assert a separate claim of "continued malicious prosecution." The claim is based upon Southern's alleged continued efforts to prosecute Schlueter after it had knowledge of facts rebutting probable cause. The district court did not address Schlueter's continued malicious prosecution claim.

"'A private person who takes an active part in continuing or procuring the continuation of criminal proceedings initiated by himself or by another is subject to the same liability for malicious

prosecution as if he had then initiated the proceedings.'" *Pera v. The Kroger Co.,* 674 S.W.2d 715, 722 (Tenn. 1984)(quoting Restatement (Second) of Torts § 655 (1977)). Liability is not imposed unless the private person has some control over the case after prosecution has begun. *Id.* at 722-23.

> *"Active participation required.* In order that there may be liability under the rule stated in this Section, the defendant must take an active part in their prosecution after learning that there is no probable cause for believing the accused guilty. It is not enough that he appears as a witness against the accused either under subpoena or voluntarily, and thereby aids in the prosecution of the charges which he knows to be groundless. His share in continuing the prosecution must be active, as by insisting upon or urging further prosecution. The fact that he initiated the proceedings does not make him liable under the rule stated in this Section merely because he intentionally refrains from informing a public prosecutor, into whose control the prosecution has passed, of subsequently discovered facts that clearly indicate the innocence of the accused, even though they have the effect of convincing him that this is the fact."

*Id.* at 723 (quoting Restatement (Second) of Torts § 655 cmt. c (1977)).

Schlueter has not attempted to show that Southern had any control over the criminal prosecution, or that it actively insisted upon or urged further prosecution. In addition, in opposing summary judgment, Schlueter did not offer any admissible evidence that facts negating probable cause for theft existed at *any* time. Moreover, for reasons discussed above, Schlueter cannot demonstrate the favorable termination of a continued malicious prosecution. For these reasons, we conclude the district court did not err in dismissing Schlueter's action in its entirety on summary judgment, including Schlueter's continued malicious prosecution claim.

## IV.

Based on the above, we **AFFIRM** the district court's judgment.