# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs August 2, 2012

## NORMAN C. LOGGINS v. FIRST TENNESSEE BANK, N.A.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-002116-09    Jerry Stokes, Judge**

_____

**No. W2012-00319-COA-R3-CV - August 31, 2012**

_____

The trial court entered an order of involuntary dismissal pursuant to Rule 41.02(2) in this action for malicious prosecution. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Norman C. Loggins, *Pro se*

Mark R. Glover, Kristine L. Roberts and Steven W. King, Memphis, Tennessee, for the appellee, First Tennessee Bank, N.A.

## MEMORANDUM OPINION[1]

This appeal arises from an action for malicious prosecution filed by Appellant Norman C. Loggins (Mr. Loggins) against Appellee First Tennessee Bank, N.A. ("FTB") in the Circuit Court for Shelby County on April 29, 2009. In his complaint, Mr. Loggins alleged that in November 2005, an agent of FTB falsely and maliciously swore to an affidavit

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

charging him with theft of property over $1,000. Mr. Loggins asserted that he was arrested pursuant to this affidavit on August 31, 2006; that bail was set at $15,000; that an indictment was returned on January 9, 2007; that he was incarcerated for more than 20 months; and that in May 2008 a *nolle prosequi* was entered. Mr. Loggins alleged that FTB acted maliciously, without reasonable or probable cause and for private and improper motives. He sought compensatory damages in the amount of three-million dollars; punitive damages in the amount of thirty-million dollars; and attorney's fees and costs.

FTB answered, admitting that its agent swore to an affidavit charging Mr. Loggins with theft of property over $1,000 and denying allegations of wrong-doing. FTB asserted that Mr. Loggins had failed to state a claim upon which relief could be granted and asserted, *inter alia*, the defenses of the statute of limitations, laches, and comparative fault. FTB counter-claimed and asserted claims for conversion, unjust enrichment, and violation of Tennessee Code Annotated § 47-29-101.

On January 13, 2012, the trial court entered an order granting FTB's motion to strike Mr. Loggins' demand for a jury and his claim for punitive damages. Following a hearing on January 17, 2012, the trial court entered an order of involuntary dismissal pursuant to Tennessee Rule of Civil Procedure 41.02(2). The trial court incorporated into its order the findings of fact and conclusions of law made at the January 17 hearing, and found that Mr. Loggins had failed to produce sufficient evidence to support his claim of malicious prosecution where he failed to demonstrate malice. On January 23, 2012, the trial court entered an order of voluntary nonsuit of FTB's counter-complaint. The trial court entered final judgment in the matter on January 27, 2012, and Mr. Loggins filed a timely notice of appeal to this Court. On March 27, 2012, Mr. Loggins filed a notice that no transcript or statement of the evidence would be filed in the matter.

### *Issues Presented*

Mr. Loggins presents the following issues for our review:

(1)     Whether the trial court erred in granting Defendant/Appellee's motion for involuntary dismissal in a malicious prosecution action after Plaintiff/Appellant had established lack of probable cause and favorable termination of a criminal prosecution against him.

(2)     Whether the trial court erred in granting Defendant/Appellee's motion to strike Plaintiff/Appellant's jury demand and claim for punitive damages under a waiver [sic] of provision in the Bank Depositor

Agreement when the account had been closed for more than six (6) years.

## *Discussion*

In order to succeed on a claim for malicious prosecution, the plaintiff must demonstrate that 1) a prior lawsuit or judicial proceeding was brought against him without probable cause; 2) the prior lawsuit or judicial proceeding was brought against him with malice; and 3) the prior lawsuit or judicial proceeding terminated in his favor. *Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005)(citation omitted). In the current case, the trial court found that Mr. Loggins had failed to introduce evidence of damages and had failed to carry his burden to establish a *prima facie* case of malicious prosecution where he failed to demonstrate that FTB acted with malice. To demonstrate malice for the purpose of compensatory damages in a malicious prosecution action, the plaintiff is not required to prove personal hatred or ill will. Malice may be established where the plaintiff demonstrates an improper motive. *Wright Med. Tech., Inc. v. Grisoni*, 135 S.W.3d 561, 582 (Tenn. Ct. App. 2001)(citation omitted). Malice is a question of fact for the finder of fact. *Seals v. H & F, Inc.*, 301 S.W.3d 237, 252 (Tenn. 2010)(citation omitted).

Rule 13(d) of the Tennessee Rules of Appellate Procedure governs our review of a trial court's grant of a Rule 41.02 involuntary dismissal. *Via v. Oehlert*, 347 S.W.3d 224, 228-229 (Tenn. Ct. App. 2010). We accordingly review the trial court's findings of fact *de novo* upon the record, with a presumption of correctness unless the evidence preponderates otherwise. *Id.* at 229. We review the trial court's conclusions of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d). However, "[w]hen no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In Re M.L.D.*, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). As noted above, Mr. Loggins has not filed a transcript or statement of the evidence in this Court. Accordingly, we presume the finding of the trial court that Mr. Loggins has failed to establish that FTB acted with malice to be correct.

We turn next to the issue of whether the trial court erred by granting FTB's motion to strike Mr. Loggins' demand for a jury trial and claim for punitive damages. Mr. Loggins fails to present an argument in his brief to support his assertion of error on these issues. In his argument section, Mr. Loggins asserts that he opened his account with FTB on July 19, 2005; that, as a matter of law, an action for breach of contract accrues immediately on breach; and that FTB "unilaterally closed" his account on July 21, 2005. He additionally cites *CMACO Automotive Systems, Inc. v. Wanxiang America Corp.*, 589 F.3d 235 (6th Cir. 2009) for the proposition that "the statute of limitations [] begins to run upon the occurrence

of the last element essential to the cause of action."  Mr. Loggins makes no further statements, and he presents no argument to support his assertion of error.  Issues not argued in the argument portion of a brief are waived.  *Painter v. Toyo Kogyo of Japan*, 682 S.W.2d 944, 951 (Tenn. Ct. App. 1984).  We accordingly deem these issues waived.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed.  Costs of this appeal are taxed to the Appellant, Norman C. Loggins.  This matter is remanded to the trial court for enforcement of the judgment and the collection of costs.


_____
DAVID R. FARMER, JUDGE